## ASA T. LAWTON *et als.* v. M. W. GORDON *et als.*

FRAUDULENT CONVEYANCE.—A conveyance of real estate, made and received for the purpose of defrauding the creditors of the grantor, is good between the parties and as to all the world, except the creditors of the grantor.

IDEM.—Such conveyance is good as against subsequent purchasers from the grantor, unless they buy without notice and for a valuable consideration.

REDELIVERY OF DEED.—A redelivery of a deed by the grantee to the grantor, with the intention of cancelling the same, does not revest the title in the grantor.

APPEAL from the District Court, Eleventh Judicial District, Amador County.

The facts are stated in the opinion of the Court.

*George Cadwalader*, for Appellants.

While the bill contains more matter than absolutely necessary, it is not true that there is any want of equity appearing on the face of the complaint. Indeed, it would be hard to find a set of defendants with less equity in their defence, or plaintiffs, with a stronger claim to the consideration of a Court of chancery.

*Badgley & Tilden*, for Respondents.

The plaintiffs, who are subsequent purchasers, are attempting to avail themselves of an alleged fraud by Barron upon James Vaughn, and others of his (Barron's) creditors. This cannot be done. Such a proceeding would pass the

whole moral character of a gràntor under review, and a purchaser would never be safe in buying, except from " one of our very best citizens." This question was fully considered by the Court of Appeals of New York, in the case of *Moseley* v. *Moseley*, 15 N. Y., 1 Smith, 336. (*Page* v. *O'Neal*, 12 Cal. 497.)

Under the old system of equity practice, a subsequent purchaser for a valuable consideration, without notice, and when the party's own conveyance was first reĉorded, was only efficacious as a defence, and not for offensive operation. (*Beekman* v. *Frost*, 18 Johns. 561.) But under all circumstances, a want of notice has always been held a material averment, without which no right is shown. (*Beekman* v. *Frost*, 18 Johns. 561; *Colton* v. *Seavey*, 22 Cal. 503; *Galland* v. *Jackman*, 26 Cal. 87; *Landers* v. *Bolton*, 26 Cal. 419.) The plaintiffs stand before the Court insisting upon the Registration Act, while they virtually admit, by not negativing the proposition, that all the purposes of the Act have been subserved.

By the Court, SAWYER, J.:

This is an action to cancel certain deeds. The plaintiffs allege that one Barron owned an interest in certain mining claims, and being " fearful that one James Vaughn, and other persons," creditors of Barron, would attach the same, on the 5th of July, 1864, executed and delivered a conveyance of the same to one Reed, without consideration, and for the purpose of defrauding said creditors; and that said Reed took said conveyance with a like purpose, and filed it for record, but, before it was actually copied into the records, withdrew the same, and returned it to said Barron, who delivered it to one Briggs to keep; and that the same was so withdrawn and delivered to Barron with intent to cancel the same; that on the 20th of September, 1864, after the said deed was so withdrawn from the Recorder's office, and

delivered to said Barron, said Barron conveyed to one Reichling, by deed dated and recorded on that day, who subsequently conveyed to plaintiff; that subsequently said Reed conveyed to other parties, who procured said deed from Barron to Reed from said Briggs, and caused it to be recorded as of the date of the original filing; that the interest so conveyed had vested in the defendants, and that all the grantees from Reed took their said several conveyances with knowledge of the facts before stated. Plaintiffs ask that the said several deeds from Barron to Reed, and the grantees of the latter, be declared void and canceled. The foregoing statement embraces the substance of all the material allegations.

At the hearing the Court dismissed the complaint for want of equity, and plaintiffs appeal.

Reichling does not appear to have been a creditor. At all events, he has not stated a case which entitles him to impeach the conveyance from Barron to Reed on the ground of fraud. The conveyance from Barron to Reed was valid between the parties and all the world except creditors. The delivery of the deed passed the title, and the redelivery to the grantor, under the circumstances, did not invalidate the conveyance, or revest the title in Barron. (*Bowman* v. *Cudworth*, 31 Cal. 149; *Killey* v. *Wilson*, 33 Cal. 690; *Kearsing* v. *Kilian*, 18 Cal. 493.) The title, then, is in Reed's grantees, unless Reichling or his grantees took the title as subsequent purchasers, in good faith, for a valuable consideration, under the twenty-sixth section of the Act concerning conveyances. They cannot be purchasers in good faith unless they took without notice of the conveyance to Reed. (*Landers* v. *Bolton*, 26 Cal. 419; *Galland* v. *Jackman*, 26 Cal. 87; *Colton* v. *Seavey*, 22 Cal. 497.) There is no averment in the complaint that plaintiffs, or their grantors, had no notice of the conveyance from Barron to Reed. This is an essential averment; for without such averment it does not appear that they are *bona fide* purchasers.

For this reason, if for no other, the complaint failed to

show any equity; and it was properly dismissed on that ground.

Judgment affirmed.

Mr. Justice SHAFTER expressed no opinion.