[No. 6025.]

# RAMON YBARRA *v.* JUAN C. LORENZANA AND CESARIA V. DE LORENZANA.

CONVEYANCE IN FRAUD OF CREDITORS.—A deed made for the purpose of defrauding, hindering, or delaying creditors is valid as against the grantor, and he cannot be relieved against its operation, though it was in fact intended as a mortgage.

APPEAL from the District Court of the Seventeenth Judicial District, Los Angeles County.

Action to declare a deed to a lot in Los Angeles a mortgage. In 1875, the plaintiff borrowed five hundred dollars of defendant, Juan C. Lorenzana, and gave a mortgage upon the premises

in controversy as security. A year afterwards, when the debt became due, the defendant demanded a deed absolute, which should nevertheless operate as a mortgage, and the plaintiff conveyed to him accordingly. In August, 1877, the defendant Juan C. conveyed to his wife, the defendant Cesaria, for the purpose, as the complaint alleges, of cheating the plaintiff. The money loaned to plaintiff was the separate property of Cesaria. The plaintiff had judgment, and the defendants appealed. The other facts are stated in the opinion.

*Hein & Ross*, for Appellants.

*I. Hartman, H. T. Hazard,* and *V. E. Howard,* for Respondent.

By the COURT:

The findings are attacked on the ground that it appears by the evidence that the plaintiff executed the deeds of July 19th and August 2d, respectively, for the purpose of defrauding his creditors.

The plaintiff, testifying in his own behalf, stated as follows: "The paper (the conveyance of July 19th) was made because parties wanted me to pay more than was justly due them, and, therefore, I went and made this conveyance of this piece of land to Mr. Lorenzana to save it from being taken from me to satisfy an unjust debt." Again, he testified as follows: "I executed this deed [the deed of August 2d] because I was afraid they would attach the property. I executed it for the purpose of saving him for the payment of the money I owed him, [Lorenzana] and the land."

The deed of August 2d was executed for the purpose of correcting a mistake in the description in the boundaries of the land conveyed by the deed of July 19th, and the complaint was filed for the purpose of obtaining a decree declaring the conveyance of August 2d to have been a mortgage merely, and not an absolute deed, as it purports on its face to be.

The answer denied that the deed in question was intended as a mortgage.

The judgment given below was that this deed was a mortgage merely, and that the plaintiff be allowed to redeem it, etc.

As seen already, the evidence given by the plaintiff himself, when testifying as a witness in the cause, was to the effect that the purpose of the conveyance was not only to secure the defendant Lorenzana in the payment of the debt due to him, but also to invest him with the legal title, in order that the creditors of the grantor, plaintiff here, might be hindered in the collection of their debts against the plaintiff. Such a conveyance, while subject, of course, to the attack of the creditors, is valid as against the grantor. It is a settled principle of law that the grantor, in a deed made for the purpose of defrauding, hindering, or delaying his creditors, cannot be relieved against its operation. As to him, it is valid.

The rule in this respect is one common to Courts of law and equity, and is expressed in the maxim, "*In pari delicto melior est conditio defendentis.*" (1 Story Eq. Jur. sec. 61.)

Judgment and order denying a new trial reversed, and cause remanded.