[No. 6,813.—Department One.]

## GEORGE F. SHARP v. T. S. MILLER ET AL.

SURETIES—TENDER—RELEASE.—The sureties upon an undertaking on appeal are released from liability by tendering the amount for which they are bound to the creditor.

APPEAL from a judgment for the plaintiff, and an order denying a new trial, in the Fifteenth District Court, City and County of San Francisco. DWINELLE, J.

After the decision, the respondent filed his petition that the appeal be reheard in Bank, and the application was denied.

*P. B. Ladd,* for Appellants.

*G. F. & W. H. Sharp,* for Respondent.

McKEE, J.:

It appears by the pleadings in this case, that on August 13th, 1875, a judgment for the sum of $300 was recovered by the respondent, in the case against one C. L. Morris, in the Third District Court of the City and County of San Francisco. Morris appealed from the judgment to the Supreme Court, and to render his appeal effectual, the appellants in this case, as his sureties, entered into an appeal bond, by which they undertook, " that if the judgment appealed from, or any part thereof, be affirmed, or the appeal be dismissed, the appellant will pay the amount directed to be paid by the judgment or order, or the part of such amount as to which the same shall be affirmed, if affirmed only in part, and all damages and costs which may be awarded against the appellant upon the appeal, and that if the appellant do not make such payment within thirty days after the filing of the remittitur from the Supreme Court in the Court from which the appeal is taken, judgment may be entered, on motion of respondent, in his favor against the sureties for such amount, together with the interest that may be due thereon, and the damages and costs which may be awarded against the appellant upon the appeal."

The judgment was affirmed by the Supreme Court January

28th, 1877; and October 27th, 1879, the respondent commenced the action out of which this case arises, to recover from the sureties the amount of said judgment and interest thereon from the date of its rendition, which, he alleged in his complaint, he had demanded from them, but they refused to pay.

Answer of the defendants admits that the plaintiff had, February 28th, 1877, demanded $331.50, as the amount of the principal and interest then due upon said judgment, and that they complied with the demand by tendering, in their own behalf and in behalf of their principal, the said sum of money " in legal tender notes—the lawful money of the United States —in satisfaction of the judgment and interest then due, but the plaintiff refused to receive and accept the same, on the ground that the tender was not made in gold coin of the United States." Answer also sets up the defense of a former adjudication.

Upon the issues made by the complaint and answer, the Court below found that the defendants had not tendered the amount of the judgment; that the plaintiff had never refused to accept any tender or offer of the money demanded, and that the cause of action had not been formerly adjudicated.

Of the findings, appellants complain that they are not sustained by the evidence—are, in fact, wholly against the evidence ; and that is the only question.

In the evidence there is absolutely no conflict. Plaintiff himself, in his testimony, admits that, at the request of the attorney for Morris, he computed the amount of principal and interest due upon the judgment, and authorized one of his clerks to go and collect it from the defendants. He gave the clerk no other direction than that; nothing was said to him about collecting the money in gold coin—and, in fact, the judgment was not, so far as appears by the record before us, payable in gold coin. Evidence is uncontradicted that the clerk went and demanded the money from the defendants and they offered it to him in United States legal tender notes. No objection was made to the amount of money offered. It was refused by the clerk, until he could again see the plaintiff. The plaintiff he saw, who told him to refuse anything but gold coin, and the clerk accordingly refused to accept the money which

was offered. Having tendered the money, the defendants, as sureties, did all they contracted to do. The tender made, although it was refused, was equivalent to a payment by them. (*Solomon* v. *Reese*, 34 Cal. 36.) And by it they were discharged from their obligation as sureties upon the appeal bond. (*Hayes* v. *Josephi*, 26 Cal. 535.) Therefore they were entitled to a finding and judgment.

Judgment reversed.

McKINSTRY, J., and ROSS, J., concurred.