86   471
91    21

86   471
110  310

[No. 11705.    In Bank. — November 26, 1890.]

ELLEN M. MOWRY, APPELLANT, *v.* W. J. HENEY, RESPONDENT.

FRAUDULENT CONVEYANCE — DEED IN LIEU OF WILL — FRAUDULENT RECORD — QUIETING TITLE — PLEADING — FINDINGS — SUPPORT OF JUDGMENT. — In an action to quiet title brought by the grantee of a deed against a subsequent purchaser at an execution sale, who was the judgment creditor of the grantor, and who alleged, in his answer, that the deed to the plaintiff was made to defraud the creditors of the grantor, a finding that the deed was made by the grantor when ill, with the intention, known to the grantee, that it should not take effect except in lieu of a will upon the death of the grantor, and that upon recovery of the grantor a record of the deed was made with intent to defraud the creditors of the grantor, is wholly inconsistent with the defense pleaded, and cannot support a judgment for the defendant.

ID. — TRUST AGREEMENT. — Such finding is not responsive to an allegation in the answer that the plaintiff agreed to hold the title in trust for the grantor, and to reconvey it upon demand, where the court fails to find any such agreement.

ID. — EFFECT OF DELIVERY OF DEED — PASSING TITLE — CONDITIONS — PAROL EVIDENCE — TESTAMENTARY INTENTION. — When an absolute deed has been delivered to the grantee, the title becomes vested free from any conditions, and its operation cannot be defeated by parol proof of an intention on the part of the grantor, known to the grantee, that it should not take effect except in event of the grantor's death; nor is parol evidence admissible to show that the delivery of the deed to the grantee was subject to any condition not expressed therein.

ID. — ESCROW. — A deed cannot be delivered in escrow to the grantee, but only to a third person.

UNDERTAKING ON APPEAL — VALIDITY OF JUDGMENT AGAINST SURETIES — NOTICE — EXECUTION SALE. — A judgment taken against the sureties upon an undertaking on appeal, upon motion, without notice, is valid, and will support an execution sale thereunder.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

*R. Percy Wright,* and *D. M. Delmas,* for Appellant.

*Cowdery & McCutcheon,* and *Estee, Wilson & McCutcheon,* for Respondent.

Works, J. — This is an action to quiet title. The plaintiff claims title under a deed from her mother, Laura A. Mowry, and the defendant claims under a judgment and execution sale of the property against the same party, the judgment having been recovered against the said Laura A. Mowry subsequent to her conveyance to the plaintiff. The judgment of the court below was in favor of the defendant, and the plaintiff appeals from the judgment, and from an order denying her a new trial.

The defendant pleaded two defenses to the action. The first was, that the deed to the plaintiff from her mother was made when the latter was insolvent, and was made to defraud creditors, and that the defendant was then a creditor, who subsequently recovered judgment against the grantor, and levied upon and sold the property in controversy under execution, himself became the purchaser, and received a sheriff's deed therefor. The second set up the recovery of the judgment, the levy of execution, sale of the property, the purchase, receipt of a sheriff's deed by him, and alleges further: "That, on said eleventh day of May, 1881, said Laura A. Mowry was the owner of the real estate described in said second count of said complaint; that the legal title of said real estate was, until the conveyance to plaintiff, as hereinafter alleged, in one Charles Mayne, who held said title in trust for and as the agent of said Laura A. Mowry, and had no other interest therein; that on ——— day of ———, 1882, and while said undertaking, made and executed by said Laura A. Mowry, was in full force and effect, she, the said Laura A. Mowry, was dangerously ill, and in apprehension of immediate death, and in lieu of a last will and testament, and to avoid an administra-

tion of her estate in the event of her death, she, the said Laura A. Mowry, made and executed, and caused said Charles Mayne, the trustee, as aforesaid, to make and execute with her, a deed to said plaintiff of, in, and to said real estate; that said plaintiff was and is the daughter of said Laura A. Mowry, and said deed was made to her without any valuable consideration whatever, but the same was made, and caused to be made, by said Laura A. Mowry, in view of immediate death; and it was understood and agreed, by and between the plaintiff and said Laura A. Mowry, that said deed should only have effect in the event of her death, and that in the event of her recovery from said illness the said plaintiff would hold and retain the legal title thereto in trust for her, and would convey the same to her upon demand; that said Laura A. Mowry did recover from her said illness, and the plaintiff held and retained the legal title of said real estate in trust for her until the levy thereon and sale thereof under an execution issued upon said judgment against said Laura A. Mowry, as hereinafter alleged."

It is contended by the appellant that the findings of the court do not sustain the issues in behalf of the defendant, or support the judgment rendered. The findings are clearly insufficient to support the defense that the deed was made to defraud creditors. It is found that the intention of the grantor was, that the deed should not take effect at all except in case of her death, and that in such case it should operate in lieu of a will, and take effect after her death. This not only does not amount to a finding that the deed was made with the intent to defraud creditors, but is wholly inconsistent with such a defense. It is true that the court finds, upon the recovery of Mrs. Mowry, the deed was placed on record with the intent to defraud creditors, but such a finding did not meet the issue presented by the answer.

The finding on the other issue is no less unfortunate.

It will be seen that the allegation of the answer is, that the deed was made under an agreement between the plaintiff and her mother that the same should be effective in case of her death, and that if she should recover, the plaintiff was to hold the property in trust for her, and reconvey the same upon such recovery. The court did not find any such agreement, but found as follows: " That on said second day of February, 1882, said Laura A. Mowry was dangerously ill, and in apprehension of immediate death, and desired to make a disposition of her estate, to take effect after her death, and in lieu of her last will and testament, and to avoid administration of her estate in the event of her death, she signed and acknowledged, and caused Charles Mayne, her trustee, to sign and acknowledge with her, a deed of grant, bargain, and sale, to plaintiff of, in, and to said real estate; that when said deeds were signed, acknowledged, and delivered by said Laura A. Mowry, she intended that they should only be operative in the event of her death from said illness, and that in the event of her recovery from said illness said deed should be inoperative and of no effect, and that plaintiff should not claim any right or property by or under it; that said plaintiff was present when said deed was signed, acknowledged, and delivered by said Laura A. Mowry; the plaintiff knew that said Laura A. Mowry was then dangerously ill, and in apprehension of immediate death, and that she desired to make a disposition of all her estate, to take effect after her death, and that said deed was executed in lieu of her last will and testament, and to avoid an administration of her estate in the event of her death, and for no other purpose; and plaintiff further knew that said Laura A. Mowry, when she delivered said deeds to plaintiff, intended that they should be operative only in the event of her death from said illness, and that in the event of her recovery therefrom they should be inoperative and of no effect."

This finding was insufficient, for two reasons: First, it was not responsive to the issue presented by the answer. Instead of finding an agreement to hold in trust and reconvey, as alleged, it finds an intention on the part of the grantor that the deed should not take effect, except in case of her death, and that the plaintiff knew of such intention. The difference between the allegation and the finding is too apparent to need comment. We do not wish to be understood as intimating that if this finding had conformed to the allegation of the answer, it would have warranted the conclusion reached by the court below. The second objection to this finding is, that if it should be construed as sufficient to uphold the issue made by the answer, it would not support the judgment. Here was an absolute deed to the property delivered to the grantee. Its legal effect was to vest in the plaintiff the title to the property, free from any conditions. The effect of the finding, if upheld, is to vary the terms of the deed, and render it one upon condition, and defeat its operation by parol proof of an intention on the part of the grantor that it should have an effect different from that apparent on its face. This cannot be done.

Mr. Devlin, in his work on deeds, says: "Whether a deed passes the title or not must be determined by its legal effect. If it has been executed and delivered, its effect is determined by its language. When so executed and delivered, its legal effect, as to the passing of the title, is not altered by the fact that one object of the transaction was to save the expense and trouble of administration upon the grantor's estate after his death; and where a grantor executed a deed for this purpose to his wife, the fact that she placed the deed, after delivery, where her husband, equally with herself, could have access to it, does not change its legal effect as a conveyance." (Devlin on Deeds, sec. 284.)

And again: "A deed cannot be delivered to the grantee as an escrow. If it be delivered to him, it becomes an

operative deed, freed from any condition not expressed
in the deed itself, and it will vest the title in him, though
this may be contrary to the intention of the parties. One
of the grounds upon which the rule is based is, that parol
evidence is inadmissible to show that the deed was to
take effect upon condition. 'A deed,' says Harris, J.,
'can only be delivered as an escrow to a third person.
If it be intended that it shall not take effect until some
subsequent condition shall be performed, or some subse-
quent event shall happen, such condition must be in-
serted in the deed itself, or else it must not be delivered
to the grantee. Whether a deed has been delivered or
not is a question of fact, upon which, from the very na-
ture of the case, parol evidence is admissible. But
whether a deed, when delivered, shall take effect abso-
lutely, or only upon the performance of some condition
not expressed therein, cannot be determined by parol
evidence. To allow a deed absolute upon its face to be
avoided by such evidence would be a dangerous viola-
tion of a cardinal rule of evidence. The deed in this
case, being absolute upon its face, and having been de-
livered to the grantee himself, took effect at once. It
could not have been delivered to take effect upon the
happening of a future contingency, for this would be in-
consistent with the terms of the instrument itself. With-
out regard, therefore, to any understanding which may
have existed between the parties at the time the deed was
delivered, it must be held as an absolute conveyance,
operative from that time.'" (Devlin on Deeds, sec. 314.)

This is a rule of law well understood, and is amply
supported by decided cases, many of which will be found
in the section of the work on deeds above cited. In
this view of the case, we need not decide each point
made, or attempted to be made, in the unnecessarily
long and tedious brief of counsel for appellant. A great
deal of space is taken up in an attempt to show that the
findings are not sustained by the evidence; but, coming

to the conclusion we have, this question becomes immaterial. Conceding that the findings were sustained by the evidence, as we have said, no defense was made out.

It is further contended that the court failed to find on certain issues. This is no doubt true; but the appellant should not complain of this, as the failure to find some of the facts alleged in the first defense, mentioned above, leaves the judgment without sufficient support.

The judgment of the respondent was recovered on an undertaking on appeal to this court, and was taken on motion, without notice to Mrs. Mowry. It is contended that such a judgment taken without notice was void, and that therefore respondent's defense was without any foundation. But this point was decided against appellant in *Meredith* v. *Association of Baltimore*, 60 Cal. 617; and however doubtful we may be as to the correctness of that decision, it has been acted upon as a correct exposition of the law no doubt in this very case, and we think it should be adhered to. There are other technical questions raised and discussed, but they do not deserve attention.

Judgment and order reversed.

Beatty, C. J., Fox, J., and Sharpstein, J., concurred.

Paterson, J., concurred in the judgment.

McFarland, J., concurring.— I concur in the judgment of reversal, because, after a more exhaustive examination of the evidence, I think that it does not support the findings as to the circumstances under which the deeds to plaintiff from the mother were made. I do not think, however, that the findings (that prolific source of artificial and needless troubles) are themselves insufficient to support the judgment. They find the real facts as alleged in the answer; and if there is any difference between the answer and the findings, it is a difference only as to legal effects. But I dissent

from that part of the prevailing opinion which is to the point (as I understand it) that when one member of a family, being sick, and apprehending immediate death, makes a conveyance of his real property to another member of the family, with the intention, and upon the understanding of both, that it is not to be operative in the event of the recovery of the grantor, if the latter passes the deed over into the hands of the grantee, then the latter has the title irrevocably; and, although the grantor recover his health immediately, he has, and can assert, no further interest, legal or equitable, in the land described in the conveyance, upon the ground that the terms of a written instrument cannot be varied by parol evidence. I do not think that what Mr. Devlin says in his chapter on escrows has any applicability to the question here involved. As to the point under discussion, I think, in the first place, that the correct legal view is, that, in contemplation of law, there was no delivery at all; and, in the second place, if it be assumed that there was a delivery, then, upon the recovery of the sick grantor, the grantee holds the legal title in trust for the grantor, who has the equitable estate. I do not see how such case can, in principle, be distinguished from *Brison* v. *Brison*, 75 Cal. 525. I agree with the opinion on the point that a judgment may be taken against a surety on an appeal bond (under our code) without notice. My views on that matter were expressed in my opinion on the former hearing.