[L. A. No. 1135. Department One.—June 24, 1902.]

## JAMES BIRCH, Respondent, v. GEORGE L. COOPER, Appellant.

Appeal—Order Refusing to Vacate Judgment.—An order refusing to set aside a judgment and to enter a different judgment on the findings is not appealable.

Id.—Vendor and Vendee—Quieting Title—Parties.—In an action by a vendor under a contract for the sale of land to quiet his title against his vendee, whose right of purchase by the terms of the contract had not become forfeited at the time of the commencement of the action, another vendee, to whom the vendor had agreed to sell the land by a subsequent contract, is a necessary party.

Id.—Subsequent Contract of Sale—Cloud on Title—Excuse for Non-Payment of Purchase Price.—Where the first contract of sale provided that the purchase price should be payable in installments, with interest on deferred payments, and that upon default in such payments the vendee should forfeit his rights under the contract, ''except in case of failure of title on the part of the vendor,''

the subsequent contract of sale, made before any default had occurred in the payment of the purchase price or interest, created a cloud upon the title sold to the first vendee, and justified him in refusing to complete his purchase until it was removed, or until an effective offer or tender was made to remove it.

APPEAL from a judgment of the Superior Court of San Bernardino County.   John L. Campbell, Judge.

The facts are stated in the opinion.

T. R. Archer, for Appellant.

Goodcell & Leonard, for Respondent.

SMITH, C.—Appeal from a judgment for the plaintiff in a suit to quiet his title to land described in the complaint and from an order denying the defendant's motion for a new trial.   There is also an appeal from an order of the court refusing to set aside the judgment and to enter a different judgment on the findings; but upon well-settled principles the latter appeal must be disregarded.   (*Eureka R. R. Co.* v. *McGrath,* 74 Cal. 51, and cases cited 4 Notes on Cal. Rep. 381.)

The case, as shown by the pleadings and findings, is as follows:   The plaintiff—then the owner of the land in question—executed to the defendant and one H. C. Malone an agreement in writing, of date March 7, 1899, to sell the land for the sum of eighteen thousand dollars, payable, nine thousand dollars on or before March 7, 1900, and the balance on or before March 7, 1901, with interest from date at the rate of six per cent per annum, payable semi-annually.   By the terms of the contract, the vendees were given the right to enter upon the lands during the continuance of the contract, for the purpose of collecting and developing water thereon, and to construct ditches, canals, and pipe-lines upon said lands for the conducting of the water therefrom; and it was further agreed that the vendees should have the right to take water from the said lands upon the payment of one thousand dollars for every two inches thereof, measured under a four-inch pressure, and that upon such payment the right to the water paid for should be conveyed to them.   It was further agreed that, "if the vendees fail to make payment of such purchase price in accordance with said contract, except in the case of

failure of title on the part of said vendors, the said vendees shall forfeit all rights under said contract except as to such rights to water as should have been conveyed to them,'' etc. The contract was shortly afterwards abandoned by Malone, leaving the defendant alone interested.

Subsequently, on the seventeenth day of May, 1899,—before the first installment of interest became due,—the plaintiff and his wife executed a written agreement to one Gregory for the sale of the same land for the sum of fifteen thousand dollars, payable five thousand dollars in cash and the balance in equal installments, within one and two years from date; and by the terms of the contract the privilege was given to the vendee, pending the contract, to enter upon the land for the purpose of collecting and developing water, etc., and of diverting the same from the land. This contract was assigned by Gregory, May 25, 1899, to the South Mountain Water Company, which thereupon entered upon the lands, collected and developed water and constructed ditches thereon, and conducted water away from said land, etc., with the knowledge and consent of the plaintiff. Both Gregory and his assignee had notice of the contract with the defendant.

In addition to the above facts, it is alleged in the answer that the South Mountain Water Company has ever since the assignment to it disputed the defendant's claims under the contract, and claimed adversely to him. It is also pleaded that the South Mountain Water Company is a necessary party to the suit,—the court finding the contrary.

It is found by the court that neither of the vendees has paid or offered to pay any part of the purchase price or interest; and also that neither of them has ever been ready or willing or able to pay the purchase price or any part thereof. But the latter finding does not respond to any of the issues in the case; nor does the evidence seem to support it.

The judgment of the court is, simply, that the plaintiff is the owner of the land, and that the defendant has no right, title, or interest therein, and that his claim thereto is without right.

The judgment, we think, must be reversed, for two reasons:

1. The sole question involved in the suit is as to the validity of the defendant's claim under his contract; and it is clear that the South Mountain Water Company—the claimant

under the junior contract—"is a necessary party to a complete determination or settlement of [this] question." (Code Civ. Proc., secs. 378-379, 382, 389.) Under the pleadings as they stood, therefore, and in the absence of the South Mountain Water Company, the contract itself was a complete answer to the plaintiff's complaint. For whether that was a still subsisting contract or not was a question that could be determined only by a court of equity, with all proper parties before it. Nor was it necessary for the defendant until impleaded before such a tribunal, and in such a case, to aver or prove his readiness to perform or to allege excuses for delay in payment.

2. Further, we are of the opinion that the defendant's failure to pay, or to tender payment, was fully excused by the subsequent sale to Gregory, which necessarily created a cloud upon the title sold to the defendant, and fully justified him in declining to proceed until it was removed, or until an effective offer or tender was made to remove it. This follows not only from familiar principles of the law, but from the contract itself, which provides for forfeiture for non-performance, "except in case of failure of title on the part of the vendors." Here there was not only a failure of title to the extent of the rights conveyed to Gregory, but a failure caused by the plaintiff himself. It will not do to say that Gregory and his assignee took with notice of defendant's rights, and therefore subject to them. It is sufficient that they claimed, or might claim, adversely, and that hence a clear title could not be given. The cases cited by respondent (*Joyce* v. *Shafer,* 97 Cal. 338; *Shively* v. *Semi-Tropic Water Co.,* 99 Cal. 261,) do not affect this conclusion. They were each cases brought by the vendee's assignee after default to recover money paid on the contract, which, it was held, could not be done, though the vendor had, after the default of the vendee, conveyed the land to another. Here the second sale was made before there was any default.

We advise that the judgment appealed from be reversed and the cause remanded, with directions to the lower court to permit the plaintiff by proper amendment to join the necessary parties, if he be so advised, and, in case this be done, for a new trial. Otherwise, the court is directed to enter judgment on the findings for the defendant.

Chipman, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded, with directions to the lower court to permit the plaintiff to join the necessary parties, if he be so advised, and, in case this be done, for a new trial. Otherwise, the court is directed to enter judgment on the findings for the defendant.

Garoutte, J., Van Dyke, J, Harrison, J.

Hearing in Bank denied.