[Civ. No. 2656. Second Appellate District, Division One.—May 28, 1919.]

## RALPH A. THIELEN, Administrator, etc., Appellant, v. LILLIAN R. THIELEN, Respondent.

[1] DEEDS—ACTION TO SET ASIDE—CAPACITY OF GRANTOR—CONFLICTING EVIDENCE—VERDICT.—If, in an action to have a deed set aside on the ground that at the time when the deed was made and executed the grantor was of unsound mind and mentally incompetent to transfer property, the evidence is conflicting, the determination of the jury is conclusive.

[2] ID. — DELIVERY — INTENTION — QUESTION OF FACT — CONFLICTING EVIDENCE—VERDICT CONCLUSIVE.—While it is essential to the validity of a transfer of real property that there be a delivery of the conveyance with intent to transfer the title, and the true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor intended thereby to divest himself of title, this question of intention is one of fact to be determined by the trial court or jury from a consideration of all the evidence in the given case; and where, as in this case, the evidence is conflicting, the finding of the trial court or jury must be accepted as conclusive thereon.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

D. H. Laubersheimer for Appellant.

Gurney E. Newlin and W. W. Hyams for Respondent.

SHAW, J.—In this action plaintiff, as administrator of the estate of his deceased mother, Regina May Thielen, sued to quiet title to certain real estate described in the complaint, and to have a deed made by said decedent to Lillian R. Thielen, and under which she claimed title to the property, canceled and annulled.

An appeal is prosecuted from the judgment entered in favor of defendant.

2. Delivery of deed as question of law or fact, note, Ann. Cas. 1914D, 108.

2. What constitutes delivery of deed, note, 53 Am. St. Rep. 537.

As alleged in the complaint, the grounds upon which plaintiff sought the relief asked for were that at the time when deceased made and executed the deed she was of unsound mind and mentally incompetent to transfer the property, and that no legal delivery of the deed was ever at any time made.

As to both of these allegations, denied in the answer, the court, in accordance with the special verdict of the jury to which the issues were submitted, found adversely to plaintiff. Appellant challenges the findings, claiming the evidence is insufficient to support them.

[1] As to whether at the time of the execution thereof the grantor in said deed was of sound mind and in mental condition to execute a valid conveyance of the property, there is a sharp conflict of evidence, in the consideration of which the determination of the jury is conclusive. There is abundant evidence to support the conclusion reached; indeed, the extent of appellant's contention with respect to this point is limited to the claim that, while conceding the existence of such conflict in the testimony, the preponderance of the evidence adduced thereon was in favor of plaintiff.

[2] As to the other question, namely, that the deed was never delivered to defendant, it appears from plaintiff's testimony that he, on June 20, 1912, at the request of deceased, who was then confined to her bed by illness, prepared the deed, in the form of a grant, and called in a notary, who at the trial testified that he fully explained to her the nature and purport of the instrument, stating that it was a conveyance of the property made by her to Lillian R. Thielen; that thereupon she signed and acknowledged the same, which the notary left with the plaintiff, whose testimony is that his mother told him to keep it in his possession and that if she got well to hand it back to her, otherwise to deliver it to Lillian, who should distribute the property between himself, Lillian, and his brother George; that some two weeks thereafter, but several months prior to the death of deceased, which occurred on December 10, 1912, he delivered the deed to Lillian, telling her that he "at last had mother's affairs in shape and had a deed made to her," and telling her further "that in the event mother got well, to hand it back to her, but in the event anything happened

to her, she was to distribute the property according to mother's wishes, as it was to be held in trust"; all of which, other than the delivery of the deed, is flatly denied by Lillian.

It is apparent that neither the court nor the jury believed that plaintiff betrayed the confidence in him reposed by the grantor when she intrusted him with the deed, but that in giving it to Lillian he acted in accordance with her instructions. This conclusion finds ample support not only in the fact that Lillian's possession of the deed as grantee therein constituted a *prima facie* showing of its delivery (*Ward* v. *Dougherty,* 75 Cal. 240, [7 Am. St. Rep. 151, 17 Pac. 193]; Devlin on Deeds, sec. 294), but there was much testimony, both from Lillian and disinterested witnesses, to the effect that deceased, prior to the execution of the deed, expressed her intention of giving the property to her daughter, and that after its execution she stated that she had conveyed the same to Lillian. This evidence was not only competent (*Williams* v. *Kidd,* 170 Cal. 631, [Ann. Cas. 1916E, 703, 151 Pac. 1]), but the inferences fairly deducible therefrom and from the acts of plaintiff, among which was the fact that after giving the deed to his sister he asked her to mortgage the property for his benefit, strongly tended to prove that plaintiff, in delivering the deed to Lillian, acted in accordance with instructions given him by the grantor, who intended that it should be at once delivered for the purpose of divesting herself of the title and transferring it to her daughter. "It is essential to the validity of a transfer of real property that there be a delivery of the conveyance with intent to transfer the title, and the true test under which delivery is to be determined is in ascertaining whether in parting with the possession of the conveyance the grantor intended thereby to divest himself of title." (*Williams* v. *Kidd, supra.*) This question of intention is one of fact to be determined by the trial court from a consideration of all the evidence in a given case; and conceding in the instant case a conflict of evidence touching the issue, the finding of the jury, adopted by the trial court, must be accepted as conclusive thereon.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.