[Civ. No. 5196. First Appellate District, Division One.—February 18, 1926.]

## THOMAS P. WELDON, Appellant, v. E. W. LAWRENCE et al., Respondents.

[1] QUIETING TITLE—EVIDENCE—JUDGMENT.—In an action to quiet title, the plaintiff cannot prevail unless he shows title in himself.

[2] ID.—FINDINGS—JUDGMENT—APPEAL—PRESENT DEED—NONPERFORM-ANCE OF CONDITIONS.—In this action to quiet title, the evidence having been conflicting, the finding of the trial court that plaintiff's grantors, on a specified date (prior to the date of the conveyance to plaintiff), "executed and delivered" to defendant their deed conveying the property to defendant "and with the intent and understanding that he should record the same," was controlling on appeal; and said deed having been delivered as the present deed of the grantors, it became freed from any condi-

---

2. See 9 Cal. Jur. 386.

tion not expressed in the deed itself and operated to vest title immediately without reference to the performance of conditions, although such result may have been contrary to the expressed stipulation of the parties.

[3] ID.—CONVEYANCE TO DEFRAUD CREDITORS—VALIDITY BETWEEN PARTIES.—In such action, the validity of the deed to defendant from said grantors, as between the parties thereto, was not affected by the fact that it was made for the purpose of defrauding the creditors of the grantors.

[4] ID.—VALID TRANSFER—SUBSEQUENT CONVEYANCE.—Said grantors, having made a valid transfer of title to defendant, could not subsequently convey such title to plaintiff as would entitle him to maintain an action to quiet title as against defendant.

[5] ID.—NONPERFORMANCE OF FUTURE CONDITIONS—NULLIFICATION OF CONVEYANCE.—Where the conveyance to defendant was a completely executed conveyance transferring title to land, based upon a valuable consideration, i. e., an initial payment on the purchase price, and the validity of such conveyance was not by its terms made dependent upon performance of future conditions, the failure of defendant to perform the promises made by him in regard to the payment of the balance of the purchase price would not serve as legal grounds for the nullification of said conveyance.

[6] ID.—PARTIES—PERSON IN POSSESSION.—In this action to quiet title, the trial court did not err in refusing to strike out the answers and the testimony of the party for whom defendant had purchased the property, where said party was made a party defendant on stipulation of plaintiff, and was in actual possession of the property at the time of the commencement of the action and had erected valuable improvements thereon.

[7] ID.—DEFAULT JUDGMENT—SERVICE OF SUPPLEMENTAL COMPLAINT.—In such action, plaintiff's request for a default judgment as against said added party defendant, upon the supplemental complaint, was properly denied where said supplemental complaint was filed long before he was made a party to the action, and the request for his default was made prior to the time he was substituted as a party defendant to said supplemental complaint, and without having been served with a copy thereof.

[8] ID.—DAMAGES—IMMATERIAL ISSUE—FINDINGS.—In such action, in view of the fact that it was held that plaintiff was not the owner

3.  See 12 Cal. Jur. 1022; 12 R. C. L. 597.

4.  See 22 Cal. Jur. 113.

5.  See 25 Cal. Jur. 733; 27 R. C. L. 659.

of the property or entitled to the possession thereof, findings upon the question of damages claimed under plaintiff's supplemental complaint were not essential.

---

(1) 32 Cyc., p. 1328, n. 66.   (2) 4 C. J., p. 883, n. 33; 18 C. J., p. 216, n. 13, 16, p. 364, n. 12; 21 C. J., p. 873, n. 97, p. 874, n. 6. (3) 27 C. J., p. 648, n. 29.   (4) 18 C. J., p. 160, n. 97, 99.   (5) 9 C. J., p. 1181, n. 79, 83.   (6) 32 Cyc., p. 1346, n. 88.   (7) 34 C. J., p. 156, n. 52, p. 180, n. 71.   (8) 38 Cyc., p. 1924, n. 61.

APPEAL from a judgment of the Superior Court of San Luis Obispo County.   T. A. Norton, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Fred A. Shaeffer for Appellant.

H. J. Dubin, W. C. Carpenter, and A. E. Campbell for Respondents.

KNIGHT, J.—This is an action to quiet title, whereby plaintiff sought to obtain a decree for the cancellation of a deed executed by plaintiff's predecessors in interest, purporting to convey to defendant E. W. Lawrence certain real property situate in the city of San Luis Obispo; also to declare plaintiff to be the owner and entitled to the possession of the premises described in said deed and to quiet his title thereto against all claims asserted by the defendants under said deed or under a contract of sale executed simultaneously with said deed; also for damages in the sum of $200 for the alleged unlawful detention of said premises.   The judgment was that plaintiff take nothing by his action and that defendants recover their costs.   Plaintiff appeals.

The following facts appear from the record: Dio Sherwin and his wife, Irene Sherwin, were formerly the owners of said property, which was subject to a bank mortgage of $3,500.   On May 16, 1922, they entered into a contract of purchase and sale with defendant E. W. Lawrence, whereby they agreed to sell said property to Lawrence for the sum of $5,500.   Payment of the sum of $500 was made at the time the contract was signed, and the purchaser agreed to pay an additional $1,500 in cash on July 1, 1922, and to assume the payment of the principal sum of said bank mortgage.   Said contract provided for immediate possession

by the purchaser; also, that the seller should furnish a certificate showing clear title at date of sale, and upon payment of the balance of the purchase price would give a good and sufficient deed conveying the property free and clear of all encumbrances. Said contract further provided that if the title proved defective the sum of $500 should be returned, but that if said certificate showed clear title and final payment was not made according to the agreement, said sum should be forfeited; that time was of the essence of the agreement. Contemporaneously with the execution of said contract of purchase and sale and as part of the same transaction, Sherwin and his wife signed and acknowledged a deed conveying said property, to Lawrence. The deed and the contract were prepared by and signed in the presence of W. C. Carpenter, with whom Lawrence was engaged in certain real estate enterprises. The legality of the delivery of said deed to Lawrence is challenged by appellant, but it is undisputed that Lawrence came into possession of said deed in Carpenter's office on the day of its execution and immediately filed the same for record. Shortly after the recordation of said deed defendant Hodson, for whom the property was purchased by Lawrence, went into possession and moved on to said property a house which he had previously purchased. He has since expended about $6,000 in making other permanent improvements. Final payment on the purchase price was not made by Lawrence on July 1, 1922, the day on which it became due, for the reason, as he claims, that the Sherwins failed to furnish a certificate showing clear title to the property and that in fact the title thereto was not clear. With respect to the matter of title the record shows that on May 18, 1922, two days after said contract and said deed had been executed, a default judgment was entered against the Sherwins in the superior court of San Luis Obispo County for the payment of the sum of $615.05; and on the following day, May 19, 1922, the mortgagee instituted foreclosure proceedings wherein attorney's fees in the sum of $350 were demanded. Later, and on July 14, 1922, the sheriff served a writ of execution on Lawrence for the collection of the Sherwin judgment, obedient to which Lawrence paid the sum of $632.58. On July 19, 1922, the Sherwins executed a second deed to the property by which they attempted to convey title to appellant Weldon, and on

July 26, 1922, Weldon commenced this action. Weldon was not a *bona fide* purchaser for a value, having accepted said deed with full notice of the existence of the former deed and under an agreement with the Sherwins to divide with them the amount of any purchase price which might be received by him upon subsequent sale of the property. The trial court found in favor of defendants on all contested issues except those arising under a supplemental complaint in which appellant claimed damages for alleged unlawful detention of said property, and as to those issues the court made no findings. The form of judgment rendered was that plaintiff take nothing by his action and that defendants recover their costs.

Appellant does not seek to collect the balance due on the purchase price under the executory terms of said contract of sale, the action being, as he contends, one to quiet title, by which he asks for a decree adjudging him to be the owner in fee simple of said property to the exclusion of all claims made by the defendants. The obvious effect of such a decree, if obtained, would be to forfeit the $500 paid by Lawrence to the Sherwins and to vest in appellant ownership of the improvements placed on the property by Hodson.

[1] "It is elementary that a plaintiff in an action to quiet title cannot prevail unless he shows title in himself." (*Williams* v. *City of San Pedro etc. Co.*, 153 Cal. 44 [94 Pac. 234]; *Sears* v. *Willard*, 165 Cal. 12 [130 Pac. 869]; *Rockey* v. *Vieux*, 179 Cal. 681 [178 Pac. 712]; *Kilfoil* v. *Warden*, 46 Cal. App. 503 [189 Pac. 303].) In the instant case the trial court found specifically that it was not true, as alleged in the complaint, that appellant was and is the owner in fee simple of said property, and the first point urged by appellant for a reversal of the judgment is that the evidence does not support that finding.

[2] The determination of the question of ownership depends entirely upon the validity of the Lawrence deed. If that deed be valid, title was thereby conveyed to and vested in Lawrence, and it would follow that the attempted subsequent conveyance of title by the same grantors to appellant, who was not a *bona fide* purchaser for value without notice, was ineffective as against Lawrence as prior grantee. (*Bell* v. *Pleasant*, 145 Cal. 410 [104 Am. St. Rep. 61, 78 Pac. 957]; *Robinson* v. *Muir*, 151 Cal. 118 [90 Pac. 521]; *Slaker* v.

*McCormick-Saeltzer Co.,* 179 Cal. 387 [177 Pac. 155] ; *Purcell* v. *Victor Power & Mining Co.,* 29 Cal. App. 504 [156 Pac. 1009].)    Appellant's attack upon the Lawrence deed is based on the single ground that there was not a valid delivery thereof and consequently no passing of title.    As to the question of delivery, the record shows a sharp conflict in the evidence, both Carpenter and Lawrence having contradicted the testimony given by the Sherwins to the effect that the deed was given to Carpenter as their agent and attorney, with instructions to hold the same until final payment was made on the purchase price.    Carpenter testified in this connection that he did not recollect who actually handed the deed to Lawrence, but that he had not done so; that said deed did not come into his possession; that immediately after being signed said deed came into the possession of Lawrence in the presence of the Sherwins with the understanding that it should be recorded at once.    The testimony of Lawrence was to the effect that after some discussion with the Sherwins in the presence of Carpenter as to whether or not the deed should be delivered, it was handed to him by the Sherwins with the understanding that it was to be recorded immediately.    In that state of the record the trial court's finding that on May 16, 1922, the Sherwins "executed and delivered to said Lawrence their deed conveying said property to said Lawrence, and with the intent and understanding that he should record the same . . . " is controlling on appeal, the question of delivery of a deed being one of fact to be found from the surrounding circumstances of each transaction (*Neely* v. *Buster,* 50 Cal. App. 695 [195 Pac. 736] ; *Williams* v. *Kidd,* 170 Cal. 631 [Ann. Cas. 1916E, 703, 151 Pac. 1] ; *Thielen* v. *Thielen,* 41 Cal. App. 312 [182 Pac. 806]) ; and said deed having been delivered, as the trial court found, to the grantee as the present deed of the grantors it became freed from any condition not expressed in the deed itself, and operated to vest title immediately without reference to the performance of conditions, although such result may have been contrary to the expressed stipulation of the parties.    (*Mowry* v. *Heney,* 86 Cal. 471 [25 Pac. 17] ; *Lewis* v. *Brown,* 22 Cal. App. 38 [133 Pac. 331] ; 9 Cal. Jur. 165.)    "A grant cannot be delivered to the grantee conditionally.  Delivery to him, or to his agent as such, is necessarily absolute, and the instrument

takes effect thereupon, discharged of any condition on which the delivery was made.'' (Civ. Code, sec. 1056.)

[3] Whether or not said deed was made by the Sherwins for the purpose of defrauding their creditors makes little difference. If such was their purpose, the validity of the deed, as between the parties thereto, was not affected because of that fact (*Lawton* v. *Gordon,* 34 Cal. 36 [91 Am. Dec. 670]; *Ybarra* v. *Lorenzana,* 53 Cal. 197); or if it be assumed that such was not their purpose, the deed was nevertheless valid in view of the finding of the trial court that it was delivered.

[4] We conclude, therefore, that the Sherwins, having made a valid transfer of title to Lawrence under the deed of May 16, 1922, could not subsequently convey such title to appellant as would entitle him to maintain an action to quiet title against the prior grantee; hence the judgment of the trial court that appellant take nothing by his action must be sustained.

A number of other legal questions have been presented by the appeal, arising from contentions made by the respective parties as to the alleged performance and nonperformance of certain conditions imposed by the contract of purchase and sale. We do not find it necessary, however, to inquire into or pass upon those questions. [5] As previously stated, the action was brought not for the enforcement of an executory contract, but to quiet appellant's title, appellant seeking to nullify a completely executed conveyance transferring title to land, based upon a valuable consideration, to wit, an initial payment of $500 on the purchase price, the validity of which conveyance was not by its terms made dependent upon performance of future conditions. If, therefore, it be assumed that Lawrence did fail to perform the promises made by him in regard to the payment of the balance of the purchase price, such failure would not serve as legal grounds for the nullification of said conveyance. (*Tillaux* v. *Tillaux,* 115 Cal. 663 [47 Pac. 691].) It may be conceded, as appellant asserts, that ''the Lawrences cannot have the property and the money both.'' But the Lawrences are not attempting to maintain that inconsistent position. In their answer they allege that they are still ready, able, and willing to pay the full amount of the purchase price as required by said contract, less the amount paid to the sheriff in obedience

to said execution. Obviously, after having accepted and asserted title under said deed they would not be allowed to repudiate their written obligation to pay for said property. It would therefore seem that the belief expressed by appellant as to the effect and operation of the judgment entered herein, is not well founded.

[6] It was not error for the trial court to refuse to strike out the answers and the testimony of Hodson. The latter was made a party defendant on stipulation of appellant, and was in the actual possession of the property at the time of the commencement of the action and had erected valuable improvements thereon. Up to the time of the decision of the trial court that appellant was not the owner of the land, Hodson's interest in the property was a necessary element in the case to be considered, and the evidence offered for the purpose of showing the circumstances upon which that interest was based and the extent of it was pertinent to the issues of the case. (Code Civ. Proc., sec. 389; *Birch* v. *Cooper,* 136 Cal. 636 [69 Pac. 420].)

[7] Appellant's request for a default judgment against defendant Hodson upon the supplemental complaint was properly denied. The record discloses that said supplemental complaint was filed long before Hodson was made a party to the action and that the request for his default was made prior to the time he was substituted as a party defendant to said supplemental complaint, and without having been served with a copy thereof. (Code Civ. Proc., sec. 585.)

[8] Findings upon the question of damages claimed under the supplemental complaint were not essential in view of the fact that it was held that appellant was not the owner of the premises or entitled to the possession thereof.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.