[Civ. No. 1979.   Fourth Appellate District.—July 29, 1936.]

WOMAN'S HOME AND FOREIGN MISSIONARY SOCIETY OF THE PRESBYTERY OF LOS ANGELES (a Corporation), Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), as Executor, etc.; RUTH CLEVELAND et al., Appellants.

Jesse George and Charles A. Brinkley for Appellants.

Harry P. Sweet for Respondent.

BARNARD, P. J.—In this action to quiet title to a lot in San Diego the court made findings and entered judgment in favor of the plaintiff and the defendants have appealed on the judgment-roll alone.

On July 17, 1925, Sarah Tenney, being then 80 years of age, executed a grant deed conveying the property in question to the respondent, this deed reserving to the grantor "the free use and occupancy of the said premises as a residence for herself so long as she may live". This deed was delivered to a third person with instructions to hold the same until the death of the grantor and then deliver it to the respondent. On October 30, 1926, the said Sarah Tenney served a notice upon the respondent grantee and

the escrow holder declaring that this deed had been exe-
cuted, acknowledged and delivered by her through inadver-
tence and mistake of fact and declaring that said purported
deed of gift was thereby cancelled, demanding a return
of the same and asserting that she would not surrender
the possession of the property to them or either of them,
and "that I have, claim and exercise the absolute ownership
and control of the property described in said purported deed
with full power to sell, pledge, give, will or otherwise dispose
of the same". Mrs. Tenney occupied the premises as a
home and paid all taxes thereon until her death, on Febru-
ary 4, 1933. Thereafter both the notice of cancellation and
the deed were recorded. In her will Mrs. Tenney made no
specific devise of this property but the individual appellants
are the assignees of her residuary devisee.

For the purposes of this appeal the validity of the deed
is admitted and the appellants' contentions are based solely
upon the theory that Mrs. Tenney acquired title to this
property by prescription as against the grantee named in
the deed, through her possession of the property and pay-
ment of taxes for a period of more than five years after
the giving of the notice.

█ It is well settled that the delivery of such a deed
as this presently conveys the title subject to the life estate
reserved therein (sec. 767, Civ. Code; *Ripperdan* v. *Weldy*,
149 Cal. 667 [87 Pac. 276]; *Merritt* v. *Rey*, 104 Cal. App.
700 [286 Pac. 510]), and that the grantee, with certain
exceptions not material here, takes the title free from all
conditions which are not expressed in the deed. (*Mowry* v.
*Heney*, 86 Cal. 471 [25 Pac. 17]; *Blackledge* v. *McIntosh*, 85
Cal. App. 475 [259 Pac. 770]; *Weldon* v. *Lawrence*, 76
Cal. App. 530 [245 Pac. 451].) █ It is also well settled
that a life tenant, as such, cannot through his possession
establish an adverse title as against a remainderman, for
the reason that the latter may not assert a right of possession
or attack the other's possession until after the termination
of the life estate. (*Pryor* v. *Winter*, 147 Cal. 554 [82 Pac.
202, 109 Am. St. Rep. 162]; *Newport* v. *Hatton*, 195 Cal.
132 [231 Pac. 987]; *Thompson* v. *Pacific Electric Ry. Co.*,
203 Cal. 578 [265 Pac. 220].) In *Pryor* v. *Winter, supra*,
the court said: "It would be strange, indeed, if during the
life of the particular tenant a remainderman could be com-

pelled to lose his estate on account of another's possession which he would be utterly helpless to interrupt.'' In *Newport* v. *Hatton, supra,* it was said: ''Possession is not involved, and cannot be, for, until the falling in of the life estate of the mother, the plaintiffs are not entitled to possession. Mrs. Newport, as life tenant, could not, by her dealings with the life estate, make her own or a grantee's possession adverse to that of the remaindermen so as to start the statute of limitations against them during the life estate.''

The appellants contend that these and other cases to the same effect apply only where the life tenant and the remainderman each claim under a third person as grantor. It is argued that a different rule should be applied where the life tenant was the original grantor who reserved a life estate in himself while granting the remainder to another. In such a case, it is argued, the life tenant retains his capacity as grantor and, as such, may hold adversely to the remainderman although as life tenant he could not do so. The contention is that Mrs. Tenney, acting in the capacity of grantor, could acquire a prescriptive title against the respondent just as a grantor in an ordinary deed, without reservations or exceptions, may acquire such a title against the grantee and that it must be held, as a matter of law, that this is what here occurred.

The appellants rely especially upon *Gernon* v. *Sisson,* 21 Cal. App. 123 [131 Pac. 85], and *Tennant* v. *John Tennant Memorial Home,* 167 Cal. 570 [140 Pac. 242]. In the first of these cases it was held that there was no evidence of hostility on the part of the life tenant to the title of the remainderman. The court merely decided the case which was presented and the point which is now raised was not considered. In the Tennant case the court was dealing with the right of a grantor to reserve the power to revoke a grant by placing such a reservation in the instrument itself. It was held that this right was clearly given by section 740 of the Civil Code. In passing upon the claim that the reservation of such a power of revocation was forbidden by section 741 of the Civil Code the court distinguished between the right to further act as a grantor, which Mrs. Tennant had reserved in herself and which she still possessed, and her right to act as owner of the life estate. In

holding that section 741 is not applicable under such circumstances the court said:

"The argument that such revocations are forbidden by the provision of section 741 that 'no future interest can be defeated or barred by any alienation or other act of the owner of the intermediate or precedent interest', is based on a misconception of the intent and purpose of that section and of the effect of this deed. As the owner of the intermediate estate, Margaret Tennant was given no power to revoke the deed. That power was reserved to her as grantor. A revocation by her would not have been an act in virtue of her ownership of the life estate. It was a mere coincidence that she also owned the life estate. If the deed had granted the life estate to another, reserving the same power in the grantor, section 741 would be wholly inapplicable. That section refers solely to acts which the owner of the intermediate estate may do as such owner, or by virtue of such ownership, and has no application to acts done because she is also invested with a power of revocation entirely distinct from and independent of her ownership of the life estate."

In that case Mrs. Tennant, although she was the owner of the life estate, had a further and distinct right to revoke the entire deed and to further act as grantor, which right was specifically reserved in the deed. Nothing in that case supports the proposition that a life tenant who happens to have been the grantor in the deed may continue to act as grantor where the right to do so has not been reserved, or that the acts of such a person must be conclusively presumed to have been done in his capacity as a grantor rather than as a life tenant.

In the instant case Mrs. Tenney had reserved no further rights as a grantor and was merely the owner of a life estate. If it could be said that she gave the notice as grantor she brought no action to set the deed aside and took no other steps, as grantor, to avoid the deed. Her possession was in accordance with the terms of the deed, was that of a life tenant, and cannot be relied on as being the act of a grantor as distinguished from that of a life tenant. In cases where the grantor has established prescriptive title against the grantee, where the entire estate was conveyed, the grantor has prevailed not because he was

the grantor but in spite of such fact, and because the statutes permitting the acquisition of title through adverse possession are broad enough to include him and since there are no statutes to prevent such a result. Under the circumstances now before us section 741 of the Civil Code applies. This section provides that no future interest can be defeated or barred by any act of the owner of the intermediate or precedent interest. Mrs. Tenney's possession, being that of a life tenant, was the act of the owner of the intermediate interest and such acts could not defeat the remainderman. We conclude that, under the statutes, the possession of a life tenant who is also the original grantor cannot run adversely to the remainderman prior to the termination of the life estate, where no rights have been reserved to the grantor other than such a life estate.

The judgment is affirmed.

Jennings, J., concurred.

Marks, J., and Turrentine, J., *pro tem.*, deeming themselves disqualified, did not participate in this opinion.