'(July 31, 1926.)

## MURRAY HILL MINING COMPANY, a Corporation, Appellant, v. PARAGON MINING COMPANY, a Corporation, Respondent.

[248 Pac. 446.]

QUIETING TITLE—NECESSARY PARTIES—APPEAL AND ERROR.

1. Original grantee in deed *held* a necessary party to action to quiet title by grantor.

2. Judgment in action to quiet title will be reversed and cause remanded to permit necessary party to be brought in, if possible; otherwise action to be dismissed, under C. S., sec. 6657.

APPEAL from the District Court of the First Judicial District, for Shoshone County. Hon Albert H. Featherstone, Judge.

Action to quiet title. Judgment for return of property to appellant. *Reversed and remanded with instructions.*

James A. Wayne, for Appellant.

John L. Fitzgerald and Therrett Towles, for Respondent.

Counsel cite no authorities on point decided.

GIVENS, J.—Appellant attempted to sell to one Costello certain mining claims which it owned. This deal not being consummated, Feehan, now deceased, claimed to be a stockholder, director and general manager of appellant, entered into negotiotions in St. Paul with F. O. Hammer to sell him the property, resulting in the de-

Publisher's Note.

1. See 5 R. C. L. 669.

See Appeal and Error, 4 C. J., sec. 3236, p. 1197, n. 9.

Quieting Title, 32 Cyc., p. 1347, n. 91.

livery to Hammer of the deed, originally made at the time of the Costello negotiations, in which the name of the grantee had been left blank, the name "F. O. Hammer" being inserted at Spokane after the time of its delivery to him. Shortly thereafter a trust agreement was made by Hammer with respondent, whereby trust certificates were to be issued by Hammer as trustee in payment of these properties, these certificates to be transferred to the appellant company in payment of the property and to be redeemed by payments to be made by the Paragon company to Hammer as trustee. Thereafter the Paragon company paid taxes for three years on the property, paid certain interest due on obligations against the property and did some improvement work and mined a small amount of ore, the proceeds of which were, in accordance with the trust agreement, delivered to Hammer. Hammer also sold some of these trust certificates on a commission basis and remitted part of the money to C. E. Mallette who owned 1,345,000 of the capital of 1,500,000 of the stock of appellant company, which proceeds were applied by Mallette on the indebtedness due him from appellant. The court found on contradictory and meager evidence that respondent had loaned appellant some $3,410 on notes signed by Feehan for the company.

Appellant brought the ordinary action to quiet title, the respondent denied appellant's title and set up its title based upon the deed above referred to, alleged compliance with the trust agreement and the payment and expenditure of the above sums. Appellant answered the cross-complaint to the effect that the deed was never made by the Murray Hill Corporation.

The court held the deed good and quieted the legal title in Hammer and the equitable title in the Paragon Mining Company, but further decreed that if the appellant would return the sums of money advanced by respondent, respondent should, within a certain time, return the property.

[1] The paramount question involved in the suit is the validity of the deed and it is clear that Hammer, the grantee in the deed, was a necessary party to a complete determination or settlement of this question. It is impossible to proceed to a valid final judgment in this case in the absence of such necessary party.

[2] The action, however, will not be dismissed but the judgment should be reversed and the cause remanded with instructions to the lower court to permit the necessary parties to be brought in, and in case this be done, a new trial had, otherwise the action to be dismissed (C. S., sec. 6657; Pomeroy's Code Remedies, 4th ed., sec. 194; *Birch v. Cooper,* 136 Cal. 636, 69 Pac. 420), and it is so ordered. Each party to pay its own costs.

William A. Lee, C. J., and Wm. E. Lee, Budge and Taylor, JJ., concur.