**ARIZONA LEAD MINES, Inc., v. SULLI-VAN MINING CO.**

No. 1534.

District Court, D. Idaho, N. D.

May 4, 1943.

V. R. Clements, of Lewiston, Idaho, W. F. McNaughton, of Coeur d'Alene, Idaho, and Therrett Towles, of Spokane, Wash., for plaintiff.

Chas. E. Horning and James A. Wayne, both of Wallace, Idaho, and Witherspoon, Witherspoon & Kelley, of Spokane, Wash., for defendant.

CLARK, District Judge.

This matter is before the Court on motion supported by affidavit of Mr. Horning, one of the attorneys for the defendant, for an order directing the joinder, as cross-defendants in this action, of one Alfred Wertenweiler and Jane Doe Wertenweiler, his wife, and their unknown heirs and devisees, and also W. H. Keating and Emma Mary Keating his wife, and also any unknown owners or claimants of the mining claim in controversy. The affidavit, in effect, sets forth that the Wertenweiler interest remains of record in the name of Alfred Wertenweiler and it is the belief of the proponent that Wertenweiler was married and that he and his wife are dead and that their estates have not been probated in Shoshone County, Idaho, and further an interest of W. H. Keating in and to the same claim in controversy through a supplemental agreement for a commission in the event of sale.

From the complaint in this action it appears that the plaintiff Arizona Lead Mines, Inc., is an Arizona Corporation and that the defendant Sullivan Mining Company is an Idaho Corporation and the jurisdiction of this Court is invoked upon the grounds of diverse citizenship, and from the complaint it appears that the Court now holds jurisdiction of this action. The complaint alleges that the plaintiff is the owner of the mining claim in question and had been in the possession of the whole thereof until about the 7th of August 1936, at which time it is alleged the defendant entered upon said land, ousted the plaintiff and its predecessors in interest and has since withheld possession of said property.

The defendant has set up several defenses, but the main one to be considered here, based upon motion and affidavit accompanying the motion, of Mr. Horning, one of the attorneys for the defendant, is that as set forth in the cross-claim, namely: that there are other persons who claim some right, title and interest in the lands and premises in controversy, some of whom are known and some unknown to the defendants, and alleges further that said persons are, on account of the character of this action, subject to the jurisdiction of this Court as to service of process and venue and can be made parties without depriving this Court of jurisdiction.

It is undisputed in the record that as far as the County records of Shoshone County, Idaho, are concerned, that there is the outstanding title of Alfred Wertenweiler as the original grantee in the United States patent to the claim in question to the extent of an undivided $\frac{1}{8}$ interest, and that as far as the records are concerned this interest has never been disposed of, and the same condition applies as to W. H. Keating, except that in his case the County records show an interest in an indefinite part of the claim described as five percent or $\frac{2}{40}$ interest in an undivided $\frac{34}{48}$ interest in such claim.

The cross claim filed by the defendant is answered by the plaintiff and in such answer it is alleged that Alfred Wertenweiler, who is mentioned and referred to in said cross-claim (also in the motion) as claiming some right, title or interest in the lands and premises described in plaintiff's complaint died intestate in Alameda County, California, on the 13th day of December 1912; that he was at the time of his death a resident of the City and County of San Francisco, California and that he left, surviving him, a wife, Adelia Wertenweiler and neither issue nor father nor mother. The answer to the cross-claim also sets forth the administration of the estate; the death of his surviving wife and the administration of her estate, and sets forth the names of the parties who were bequeathed all of the estate of the deceased in accordance with the terms of a will, bequeathing to said parties named in said answer, share and share alike. It is further alleged that the laws of the State of California, where said will was probated, that pertain to the execution and probate of wills are the same as the laws of the state of Idaho, and that the estates have not been probated in the State of Idaho. It then alleges the death of one of the devisees, and other matters in connection with the determination of the heirship in that state. The plaintiff also alleges that

prior to the commencement of this action it acquired all of the right, title and interest of the devisees mentioned in the will, also denies that W. H. Keating has any interest in the property and that plaintiff has acquired all his right, title and interest that he has heretofore held in it.

There are three main questions to be considered in passing upon this motion:

1. Are the parties asked to be brought in, necessary and proper parties to the complete determination of this action?

2. Does the probating of the estate of Wertenweiler and his wife, in the State of California, clear the title?

3. If they are necessary parties, is the Court prohibited from bringing them in under rule 13, subdivision (h) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c?

■ On the first question, with the issues as joined in this case, clearly, the parties asked to be joined by the motion should be before the Court before there can be a satisfactory adjudication of the title, and it is undisputed in the records before this Court that two of these parties have an outstanding title on the record; Alfred Wertenweiler as an original grantee in the United States patent to the mining claim in question to the extent of an undivided ⅛ interest, and the interest of W. H. Keating as shown by the agreement on the records of Shoshone County, Idaho. These interests have never been disposed of as far as the county records are concerned.

"It is a general rule in equity (subject to certain exceptions, which will hereafter be noticed), that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, either as plaintiffs or as defendants, however numerous they may be, so that there may be a complete decree, which shall bind them all. By this means the court is enabled to make a complete decree between the parties, to prevent future litigation by taking away the necessity of a multiplicity of suits, and to make it perfectly certain that no injustice is done, either to the parties before it, or to others, who are interested in the subject-matter, by a decree which might otherwise be grounded upon a partial view only of the real merits." Gregory v. Stetson, 133 U.S. 579, see page 586, 10 S.Ct. 422, 424, 33 L.Ed. 792.

"In a suit to quiet title the plaintiff has a right to have determined every adverse interest, and anyone claiming to hold any interest in the property [in question] which would be adverse to plaintiff's interest may be required to come in and set up the nature of his interest and its source." Pettengill v. Blackman, 30 Idaho 241, 164 P. 358, 360. Also see Murray Hill Mining Co. v. Paragon Mining Company, 43 Idaho 20, 248 P. 446.

So as to the first proposition it seems clear that as the county records now stand that this case should not proceed without the presence of these parties, as the main object of the cross-claim is to settle title by extinguishing or settling all adverse rights and removing all clouds from the title. It will be borne in mind that there has been no objection filed to the cross-claim; that the case is at issue as to the claims made in it.

Certainly it could also be said that if the plaintiff was to recover damages in this case as prayed for in their complaint, there would be nothing to prevent the outstanding title holders, who are not parties to this suit, from bringing like actions against the defendant, provided it did not develop in the trial of this case that they had no interest in it. It would be equally true that if the defendant was to prevail in this case, it would still be necessary, if they desired to clear the title, to file another suit against the parties holding the outstanding title, who are not now before the Court. Should they be left in that position? Surely leaving the property in that condition would be inconsistent with equity.

"The only question open here is whether the parties indicated were necessary parties. Of course they were, if they had such an interest in the matter in controversy that it could not be determined without either affecting that interest or *leaving the interests of those who were before the court in a situation that might be embarrassing and inconsistent with equity.* Shields v. Barrow, 17 How. 130–139, 15 L.Ed. 158." (Italics mine.) See Commonwealth Trust Co. v. Smith, 266 U.S. 152, 45 S.Ct. 26, 28, 69 L.Ed. 219.

"There are three classes of parties to a bill in equity: 'Formal parties', who may be omitted at option of complainant; 'necessary parties', who have interest in controversy, and should ordinarily be joined unless their interests are separable so that court can, without injustice, proceed in

their absence; and 'indispensable parties', whose interest is such that a final decree cannot be entered without affecting them, or that termination of controversy in their absence would be inconsistent with equity. (Jud.Code § 50, 28 U.S.C.A. § 111; Equity Rule 39, 28 U.S.C.A. following section 723. * * *

"Court cannot proceed to decree in absence of indispensable party, though joinder of party would oust court of jurisdiction. (Jud. Code § 50, 28 U.S.C.A. § 111; Equity Rule 39, 28 U.S.C.A. following Section 723." State of Washington v. United States, 9 Cir., 87 F.2d 421.

■■■ As to the second proposition it seems clear that the probating of the estates of the Wertenweilers in California is no help in determining this question as far as this motion is concerned. The provisions of the Idaho Code, and the decisions of the Supreme Court of Idaho, clearly show the necessity of administering estates in Idaho of the non-resident owners. Counsel for plaintiff contend that if this is true then there goes with it the implication that the Probate Court of the state is the only court in the world that could determine the title. However, even though the Probate Courts have exclusive, original jurisdiction in the settlement of estates of deceased persons and that it is within their jurisdiction to determine who are the heirs and who is entitled to succeed to the estate, it is so well settled in actions to quiet title that the title can be settled, independently of the Probate Court, by an action directly between the parties in the proper Court, that no further comment is necessary.

The third question is the main one involved in the motion, as far as the briefs of the plaintiff is concerned, and that is whether the bringing in of the parties would defeat the jurisdiction of this Court, and in view of the foregoing, under subdivisions 1 and 2, apparently it is the duty of the Court to bring them in or dismiss this action. The Court's attention has been called to rule 13, subdivision (h) and rule 19, subdivision (b) and also rule 4, subdivision (e) on process. And also plaintiff urges that if the defendant had instituted in the Federal Court an independent action on its cross-claim as a suit to quiet title against the plaintiff making the unknown heirs and unknown devisees or unknown owners or claimants as parties defendant, the jurisdiction of the Federal Court would have been defeated, citing cases.

■■ This statement in the brief and the cases cited are not in point. The jurisdiction of the Federal Court has already attached on the filing of the complaint in this action, the case now is obviously within the jurisdiction of this Court. The cross-claim brings forth all of the rights of the defendant for complete adjudication of the issues presented on the original jurisdiction. They are asking to establish title to the real estate on which the plaintiff's claim is based. If they are to be permitted to settle the title by extinguishing all adverse rights and removing all clouds from the title, parties not within the jurisdiction of the Federal District Court should be brought in by substituted service. Judicial Code section 57, 28 U.S.C.A. § 118.

This matter is covered to some extent in the case of Ames Realty Company v. Big Indian Mining Company, C.C., 146 F. 166, in which the Court says: "In a suit in a federal court of equity to establish and protect rights in the waters of a stream against other separate appropriators of water from the same stream, all of whom are citizens of different states from complainant, the court may entertain cross-bills by any or all of the several defendants setting up priority of right as against complainant or their codefendants, since they relate to the subject of the original suit, which is the water of the stream, and, being ancillary to the original suit, the court has jurisdiction to determine the issues raised thereby without regard to the citizenship of the parties thereto."

■■■ Judge Lindley, of the District Court of the Eastern District of Illinois has covered rule 13 in a very elaborate opinion. Carter Oil Co. v. Wood, 30 F.Supp. 875. The following are some of the statements contained in it:

I adopt that opinion.

"The rules of civil procedure do not increase the jurisdiction or affect the venue of actions in the United States courts. Rules of Civil Procedure for District Courts, rule 13 (a, b, g,), 28 U.S.C.A. following section 723c; Equity Rule 30, 28 U.S.C.A. following section 723.

"Equity jurisprudence in the United States recognizes the propriety of cross-bills, following the rule that a court of equity has jurisdiction of all cross or counterclaims growing out of and germane and ancillary to the plaintiff's cause of action even though they could not be pleaded as

independent suits within federal jurisdiction.

"To justify an adjudication of a counterclaim, it is only essential that it be of a character making it necessary to realization of complete jurisdiction regarding the subject matter of the original cause of action. Rules of Civil Procedure for District Courts, rule 13 (a, b, g,), 28 U.S.C.A. following section 723c; Equity Rule 30, 28 U.S.C.A. following section 723.

"Where federal District Court has jurisdiction of a complaint seeking to protect property rights and a defendant claims a superior right therein, not only against the plaintiff but as against codefendant, a crossbill to that effect will be sustained, even though, as between the parties thereto, diversity of citizenship does not exist. Rules of Civil Procedure for District Courts, rule 13 (a, b, g), 28 U.S.C.A. following section 723c; Equity Rule 30, 28 U.S.C.A. following section 723. * * *

"Where jurisdiction of federal District Court attaches on the filing of original bill, any cross-bill or counterclaim looking to a complete adjudication of the issues presented by the complaint rests on the original jurisdiction and is not affected by the citizenship of the respective parties, even as to third parties brought in by virtue of rule authorizing such action. Rules of Civil Procedure for District Courts, rule 13 (a, b, g,), 28 U.S.C.A. following section 723c; Equity Rule 30, 28 U.S.C.A. following section 723. * * *

"In suit to establish title to real estate, · parties not within jurisdiction of federal District Court could be brought in by substituted service. Jud. Code § 57, 28 U.S. C.A. § 118. * * *

"Rule 13 of the Rules of Civil Procedure promulgated by the Supreme Court, 28 U.S.C.A. following section 723c, in section (a), makes it mandatory for a defendant to file all counterclaims which he has against plaintiff arising out of the transaction or occurrence which is the subject matter of plaintiff's claim and do not require for adjudication the presence of third parties of whom the court cannot acquire jurisdiction. Paragraph (b) permits filing of any counterclaim against an opposing party even though it does not arise out of the transactions or occurrences which are the subject matter of the opposing parties' claim. The rule further provides that when the presence of additional parties is re-

quired for the granting of complete relief in the determination of a counterclaim, the court shall order them to be brought in as defendants, if jurisdiction of them can be obtained and if their joinder will not deprive the court of jurisdiction of the act. Paragraph (g) provides that a pleading may state as a crossclaim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter, either of the original action or of any counterclaim." See cases cited.

█ It is a familiar maxim that "a court of equity ought to do justice completely and not by halves" and to this end, having properly acquired jurisdiction of a cause for any purpose, it should dispose of the entire controversy and its incidents and not leave any part of it unsettled.

In view of the fact that all of the questions raised on this motion are joined in issue under the pleadings in this case, on the trial the questions will still be before the Court as to whether they are necessary or proper parties, and when the matter comes up for trial the Court will also consider again the question of jurisdiction.

An order will be made granting the motion.