323 F.2d 717
 Jean TARDAN et al., Appellants,
v.
CALIFORNIA OIL COMPANY and Dulac Cypress Company, Limited,
Appellees.
Paul Louis Marcel LARREGAIN et al., Appellants,
v.
CALIFORNIA OIL COMPANY and Dulac Cypress Company, Limited, Appellees.
 Nos. 19572, 19573.
 United States Court of Appeals Fifth Circuit.
 Oct. 16, 1963, Rehearing Denied in No. 19573; Dec. 16, 1963.
 
 Amos L. Ponder, Jr., New Orleans, La., for appellants Tardan and others.
 Cyril F. Dumaine, Arthur F. Dumaine, Amos L. Ponder, Jr., New Orleans, La., for appellants Larregain and others.
 Andrew McCollam, Jr., L. K. Benson, Jack W. Thomson, Jr., New Orleans, La., for appellee California Oil Co., Milling, Saal, Saunders, Benson & Woodward, New Orleans, La., of counsel.
 Before RIVES and CAMERON, Circuit Judges, and BOOTLE, District Judge.
 CAMERON, Circuit Judge.
 
 
 1
 The question presented to us in these two appeals is whether appellants' (plaintiffs') attorneys, who assert interests in plaintiffs' claims, and certain royalty claimants, whose interests are carved out of appellee California Oil Company's lease from appellee Dulac Cypress Co., Ltd. (defendants) are indispensable parties to these two actions. By order filed April 30, 1962, the two actions were consolidated by the court below for the purpose of argument and briefs. This was done upon motion of appellants and the failure of the appellees to object thereto.[1]
 
 
 2
 The appellants claim that the plaintiffs in the two actions combined are the lawful owners of the real property described in the two complaints, and they seek a decree declaring them so to be; they pray that the defendants be declared and adjudged to have no right, title or interest in the property; and that each set of plaintiffs be adjudged to be the owners of their respective shares and be put in possession of same; that the defendants be ordered to render an accounting to plaintiffs for all bonuses, rentals and royalties received and for all oil, gas and other minerals and other things of value removed, taken, produced or appropriated from said property; and that money judgment be rendered in favor of appellants and against appellees for the value of all the oil, gas and minerals so removed; and for general relief.
 
 
 3
 Appellants in both cases claim that they are residents and citizens of foreign countries; that appellee Dulac Cypress Company, Ltd. is a Louisiana corporation and is the record owner of the property, and that appellee California Oil Company is Dulac's mineral lessee.
 
 
 4
 Appellants in the Tardan case claim as heirs of Jules Lapene who obtained from the State of Louisiana in 1859, by patent, an undivided interest in the property described; and appellants in the Larregain case claim as heirs of Auguste Ferre who received by like patent the remaining undivided interest in the said lands.
 
 
 5
 California and Dulac filed in the Tardan case a motion to dismiss the action or, alternately, for a summary judgment, asserting that the action filed was petitory, and was based upon the contention that the sheriff's sale under which appellees claim was illegal and void, which contention, appellees assert, is wholly without merit as appears from certain legal proceedings copies of which were attached as exhibits to the complaint or were offered in evidence as exhibits. On August 14, 1961, California and Dulac moved in the Tardan case to dismiss the action for want of indispensable parties consisting of a large number of persons listed in an affidavit filed with the motion, all of whom claim rights and interests in the oil, gas and minerals under the mineral lease given by Dulac to California. November 30, 1961, the court below made a minute entry denying the motion of Dulac and California to dismiss the complaint for failure to state a claim and for summary judgment, and granting their motion to dismiss the action for want to indispensable parties unless the asserted owners of overriding royalty interests in the property should be joined as parties to the suit within sixty days. Thereupon, all parties proceeded to file interrogatories, motions for protective orders, etc., and on January 13, 1962, California and Dulac filed their answer. As a part of the disclosures made in response to interrogatories, an affidavit was filed that the various parties plaintiff had executed a written employment contract with the law firm of Dumaine and Dumaine, a copy of which was attached. Pertinent portions of the employment contract are copied in the margin.[2]
 
 
 6
 February 7, 1961, in Tardan the court below made a minute entry granting the objections of Dulac and California to certain interrogatories and continuing for one week their own motion to require plaintiffs to answer interrogatories.
 
 
 7
 Immediately thereafter, on February 9th Dulac and California moved the court to establish the finality of dismissal of the Tardan action for want of indispensable parties, reciting that the order of the court requiring that the royalty claimants be joined as indispensable parties had not been complied with and representing that, in answer to their interrogatories, the contract between the Tardans and the attorneys Dumaine had been produced, and that the attorneys were indispensable parties and, if they were joined, a want of diversity of citizenship would result, thus destroying the court's jurisdiction.
 
 
 8
 On February 15, 1963, the court made a minute entry that the motion of California and Dulac to dismiss the action be granted, and on February 20th, judgment was entered in Tardan providing:
 
 
 9
 'The above case came on for hearing at a former day on motion of defendants for the dismissal of this action for failure to join as parties the owners of overriding royalty interests, in compliance with the order made herein on November 30, 1961 and entered herein on December 4, 1961 and also to dismiss for failure to join Cyril F. Dumaine and Arthur F. Dumaine as additional indispensable parties; and it appearing that defendant's motion is well founded on both grounds, and plaintiffs' counsel having also advised the Court that Cyril F. Dumaine and Arthur F. Dumaine will not be joined as parties because their joinder would destroy the diversity of citizenship jurisdiction of the Court;
 
 
 10
 'It is ordered, adjudged and decreed that there be judgment herein in favor of defendants California Oil Company and Dulac Cypress Company, Ltd. dismissing this action at plaintiffs' cost.'
 
 
 11
 The appellees in case No. 19573, hereinafter known as Larregain, rely on the same points as the appellees in Tardan and, in addition, they raise other points. The final judgment in Larregain was entered February 21, 1962, the day after the final judgment in Tardan. It recites that Larregain is dismissed for the additional reason that appellants had failed to join Oliver H. Dabezies and Maurice Coutot as indispensable parties. The appellees in Larregain also contend that appellants' complaint failed to charge sufficiently facts concerning the citizenship of 'Succession of Jules Auguste Jean Baptiste Pedebidou,' as to which succession the appellants have dismissed this action, leaving it pending with respect to the entirety of the property as originally sued for, including the aliquot part attributable to said dismissed succession.
 
 
 12
 Appellees in Larregain have filed a number of exhibits, some of which are illegible photostatic copies, which presumably represent appellees' efforts to establish the facts upon which they rely in the motions to dismiss which were granted by the court below.
 
 
 13
 In appellees' amended motion to dismiss the complaint in Larregain, it is stated in Paragraph II B:
 
 
 14
 'The plaintiffs remaining in this action, although entitled to sue for the aliquot part claimed by them, are without any right of action to sue for the aliquot part claimed by the aforesaid succession and any judgment entered in this action will substantially affect the interest of said absent succession and the voluntary dismissal of this action by the said 'Succession of Jules Auguste Jean Baptiste Pedibidou' creates a nonjoinder of an indispensable party * * *'
 
 
 15
 We have concluded that the court below erred in dismissing the entire complaint in each of these civil actions.[3] The court below denied those motions and dismissed the actions under Rule 12(b)(7) for 'failure to join an indispensable party.' The principles of law covering the dismissal for failure to join indispensable parties have been clearly defined by this Court. A good startine place when the court is faced with the question of the necessity of joinder of indispensable parties, under circumstances similar to those here involved, is the decision of this Court in Hudson v. Hewell, 5 Cir., 1949, 172 F.2d 848. The principles there decided, as they apply to the actions before us, may be thus summarized:
 
 
 16
 Where federal jurisdiction rests on diversity of citizenship, the diversity must be complete; a federal court cannot adjudicate the rights of parties who are not parties before it, and they will be brought in if possible and if they will not destroy diversity; it diversity will be thereby destroyed, the court will inquire if there is any relief it could properly give without them, and if there is, it will give it without perjudice to rights of absent parties; if an action seeks to cancel one muniment of title or all relevant muniments of title, the court may not proceed to grant that relief if there were any persons interested thereunder who were not before the court; in an action to establish title to land wherein the plaintiff seeks an accounting with parties properly in court as to all oil, gas and other minerals removed therefrom or the proceeds arising from the sale thereof, partial relief resulting only in personal judgment can be had as between parties plaintiff and defendant who are properly in court, notwithstanding the complaint may also contain prayer for the quieting of title to the land or concellation of instruments which cannot be granted because of the absence of indispensable parties; in such an action an accounting and money judgment may be had as between the fractional interests represented in court without joining all of the interests.[4] The Hudson case also deals with the effect of the conveyance of a fractional interest to the lawyers in consideration of their services.
 
 
 17
 Applying these principles in general to the varied questions raised by these records and the several briefs of the parties, it is clear that, as to some of the parties plaintiff in each action, a personal judgment can be rendered against Dulac and California covering such oil, gas or other minerals as may have been wrongfully removed from the lands involved, provided, of course, plaintiffs can make proper proof of their ownership of the lands and of the wrongful removal by the Oil Company and receipt of money therefrom by Dulac.
 
 
 18
 It seems also fairly certain that the Dumaines are not indispensable parties. Reading the contract before us (the determinant portions are emphasized in the excerpts copied in fn. 2 supra), we are of the view, in the absence of contrary evidence, that this contract did not convey and present interest in land or anything else mentioned in it, and was nothing more than an employment contract under which the attorneys were granted the right to finance the litigation and endeavor to establish some title in the parties with whom they had contracted. Only then would the attorneys be entitled to receive anything from the appellants. Cf. Hudson v. Newell, supra; Lawrence v. Sun Oil Co., 5 Cir., 1948, 166 F.2d 466; and contrast McClung v. Atlas Oil Co., 1921, 148 La. 674, 87 So. 515, with Dufrene v. Tracy, 232 La. 386, 94 So.2d 297, and La.App., 146 So.2d 678.
 
 
 19
 As far as we can tell from the present record, the writings which are exhibited between the Larregains, and Messrs. Dabezies and Coutot will come within the same category as the attorneys Dumaine, although the trial court will have to adjudge this from evidence to be submitted. The court below will have also to untangle the facts concerning the succession of Jules Auguste Jean Baptiste Pedebidou when sufficient showing has been made to enable it to do so.
 
 
 20
 As to the overriding royalty claimants listed in an affidavit exhibited by the appellees, they are not indispensable parties to any personal claim for money damages which may be asserted by any parties plaintiff against any parties defendant in either civil action. The trial court can frame decrees to which the various parties may show themselves entitled without affecting any of the interests of the royalty claimants. It follows, therefore, that the court below was in error in entering general judgments dismissing the two actions for failure to join indispensable parties whose joinder would destroy diversity jurisdiction.
 
 
 21
 The royalty claimants ought to be brought in as parties by appellants or appellees obedient and subject to the provisions of Rules 12(b), 19 and 20, F.R.Civ.P. The royalty claimants are indispensable to any action which involves title to lands or any interest therein, as the royalty claimants have an interest in sustaining the title of Dulac, through whom the leases to California derive, which is the support of their claim to royalty payments. Any decree which destroys or adversely affects Dulac's title will necessarily affect their claims to royalty.
 
 
 22
 As to Tardan, it appears from what is presently before us that the plaintiffs are all nonresidents of this country and that the defendants and all of the overriding royalty claimants are resident citizens of this country and that, in that case, diversity is complete. Since the royalty claimants can be brought in without destroying diversity jurisdiction, it is clear, under the present showing, that they should be brought in.
 
 
 23
 The Larregain case presents the additional complications which have been discussed above. Since the court below has undoubted jurisdiction of the personal action set forth in the complaint, it should decide from the facts offered in evidence the issues presented in Larregain which are not present in Tardan, and should rule on the question of the indispensability of the overriding royalty claimants and whether bringing them in would destroy jurisdiction as to real property claims asserted by appellants.
 
 
 24
 The judgment of the court below in each action is reversed and the cause is remanded for further proceedings consistent with this opinion.
 
 
 25
 Reversed and remanded.
 
 
 
 [1]
 The motion upon which the order of consolidation was entered was in these words:
 'On the motion of appellants * * * suggesting to the Court that the heirs of Jules Lapene are the appellants in No. 19572 and the heirs of Augusts Ferre are the appellants in No. 19573; that the land involved in this lawsuit was patented out to the above named individuals; that the two causes of action involve the same land, the defendants are the same in each suit, the overriding royalty owners are the same parties in each suit and the same attorneys represent the plaintiffs in each suit and the same attorneys represent the same defendants in each suit * * *'
 
 
 [2]
 'CONTRACT
 'This agreement entered into by and between the following parties (the appellants), * * * as parties of the first part, and all residents of the Republic of France, and Cyril F. Dumaine and Arthur F. Dumaine, 318 Carondelet Street, New Orleans 12, Louisana, as Attorneys-at-Law and parties of the second part.
 'WHEREAS, the parties are heirs of the late JULES HENRY LAPENE.
 'WHEREAS, the said JULES HENRY LAPENE at the time of his death owned certain properties in the State of Louisiana, U.S.A., title to which has never been divested from his succession.
 'WHEREAS, it is believed that other persons are now in possession of these properties and claiming title thereto, and
 'WHEREAS, it is necessary to vindicate the rights of the above named parties and to place them in legal possession, as owners in indivision of the following lands and/or portions thereof, * * *
 'New, therefore, the undersigned parties do hereby employ CYRIL F. DUMAINE and ARTHUR F. DUMAINE, Attorneys-at-law, * * * for the purpose of establishing their legal rights in and to all or any portion of the above described property or of any other property left by the late JULES HENRY LAPENE, situated in the State of Louisiana.
 'IN CONSIDERATION of the Professional services and/or other services rendered, which is hereby fully acknowledged by said Parties of the First Part, and in FURTHER CONSIDERATION of the Professional and/or other services to be rendered, by the said party of the Second Part, in asserting the claims of the Parties of the First Part, including bringing whatever action, or actions, filing of any claim or claims and/or suit or suits, he may deem necessary and proper and/or securing any judgment and/or other decree of thing, decreeing or recognizing the rights of the said parties of the First Part in and to all or any portion of the aforesaid described lands * * *, and in FURTHER CONSIDERATION of the agreement of said party of the Second Part to advance whatever costs may be necessary or decreed against said parties of the First Part in any suit or suits, action or actions, etc., the said parties of the First Part do by these presents, GRANT, BARGAIN, SELL, TRANSFER, SET OVER, AND CONVEY and DELIVER to and unto the said Parties of the Second Part:
 '(a) An undivided FIFTEEN PER CENT (15%) in full ownership of all rights, titles and interests in and to the aforedescribed lands and/or portions thereof, including all oil, gas, sulphur, minerals and mineral rights, title and interests, therein or thereunto belonging, due, owing to said Parties of the First Part:
 'It is agreed that all costs and necessary expenses due or advanced by Party of the Second Part will be paid, reimbursed or deducted, before there is any division of any revenue or property. * * *'
 The Larregain record doen not contain a copy of this contract of employment, but the arguments of the parties proceed upon the assumption that a like contract was entered into by the Larregains with the same attorneys; and the motion of the appellants copied in fn. 1, supra, upon which consolidation was ordered recites that such was the case.
 
 
 [3]
 Appellees presented in both actions an alternative motion for summary judgment under Rule 12(b), pertinent portions of which rule read thus:
 'If, on a motion asserting the defense numbered (6) (failure to state a claim upon which relief can be granted), matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one of summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.'
 
 
 [4]
 And see also Shields v. Barrow, 1854, 17 How. 129, 130, 58 U.S. 129, 130, 15 L.Ed. 158; 3 Moore Federal Practice, 2d Ed., page 2160 et seq.; Keegan v. Humble Oil & Refining Co., 5 Cir., 1946, 155 F.2d 971; Calcote v. Texas Pacific Coal & Oil Co., 5 Cir., 1946, 157 F.2d 216, 167 A.L.R. 413, certiorari denied, 329 U.S. 782, 67 S.Ct. 205, 91 L.Ed. 671; Whelan v. Placid Oil Co., 5 Cir., 1952, 198 F.2d 39; McComb v. McCormack, 5 Cir., 1947, 159 F.2d 219; MacIntosh v. Marks' Estate, 5 Cir., 1955, 225 F.2d 211; Estes v. Shell Oil Co., 5 Cir., 1956, 234 F.2d 847; Stewart v. United States, 5 Cir., 1957, 242 F.2d 49. Cf. Humble Oil & Refining Co. v. Martin, 5 Cir., 1961, 298 F.2d 163; and Standard Oil Company of Texas v. J. W. Marshall, 5 Cir., 1959, 265 F.2d 46