**320**

**HUGOTON ENERGY CORPORATION,**
**Plaintiff,**

v.

**PLAINS RESOURCES, INC. and Sunrise Royalty Corporation, Defendants.**

**Civ. A. No. 90–1091–T.**

United States District Court,
D. Kansas.

March 5, 1991.

James A. Walker, Timothy E. McKee, Triplett, Woolf & Garretson, Wichita, KS for plaintiff.

David G. Seely, Gregory J. Stucky, Fleeson, Gooing, Coulson & Kitch, Wichita, KS for defendants.

## MEMORANDUM AND ORDER

THEIS, District Judge.

Plaintiff Hugoton Energy Corporation brings this action to quiet title on various oil and gas leases located in Hamilton County, Kansas. The plaintiff, lessee of the original leases, requests a decree that new leases secured by the defendants are invalid, and an order compelling the defendants to "place of public record a release" of the new leases. The defendants have presented a motion to dismiss, pursuant to Fed.R.Civ.P. 19(b), for failure to join necessary and indispensable parties. (Doc. 4). For the reasons articulated below, the court grants the defendants' motion to dismiss.

## FACTUAL BACKGROUND

The oil and gas leases at issue were originally secured by Kansas–Nebraska Natural Gas Company, which subsequently became KN Energy. These individual leases were consolidated to form eight gas units of approximately 640 acres apiece. Plaintiff Hugoton, a corporation incorporated in Kansas, ultimately became the successor in interest, as lessee, to these gas units. The individual leases, however, have been assigned and reassigned through the years, and are currently in the ownership of numerous individuals and corporations, including Hugoton. The landowners-lessors presently comprise numerous individuals, many of whom are citizens of Kansas. These landowner-lessors have mineral ownership of the land and are entitled to royalty payments under the above leases.

All of the leases in question have shut-in royalty provisions, which extend a gas lease beyond its primary term even in the absence of actual production—by tender of shut-in royalty payments. As such, the

gas leases continue in effect through periods of non-production when a lessee timely tenders the shut-in royalty payments to the lessors.

Prior to Hugoton's acquisition of the leases, its predecessor in interest encountered mechanical problems and was forced temporarily to shut-in the wells on the gas units for various periods of time. Some of these gas units have since been restored to production. The plaintiff claims that all the required shut-in royalty payments were properly tendered, thus maintaining the validity of these leases through constructive production.

In 1989, defendant Plains Resources ("Plains") and certain of the landowner-lessors concluded that the old leases, which were held by the plaintiff, had expired by their own terms. Plains then engaged co-defendant Sunrise Royalty ("Sunrise") to secure new leases on those lands covered by the gas units. Sunrise succeeded in securing new leases from most of the landowners, and subsequently conveyed the new leases to Plains. Plains then demanded the plaintiff to release all its rights, title and interest under the old leases. Hugoton responded by filing this quiet title action.

The defendants argue that the landowners-lessors whose lands are covered by the old and new leases, and the numerous owners of these leasehold estates, as lessees under the old and new leases, are indispensable parties to be joined under Fed.R.Civ.P. 19(b). Joinder of such parties, however, would destroy diversity of citizenship, upon which this court's jurisdiction is based. The defendants argue, therefore, that the present action should be dismissed.

## DISCUSSION

Under Rule 19(a), a party shall be joined, if feasible, when:

(1) in his absence, complete relief cannot be accorded among those already parties; or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties

subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

If the joinder of such a person is not feasible because he is not subject to service of process or because his joinder would deprive the court of subject-matter jurisdiction, the court shall determine whether "the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Fed.R.Civ.P. 19(b). In determining whether to dismiss the action or proceed without the necessary party, the court is required to consider the following factors:

first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by shaping relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

*Id.*

The defendants contend that the landowners-lessors of the lands covering the leases at issue and the leaseholders of those leases are parties necessary for just adjudication. According to the defendants, because the plaintiff seeks a declaration that the new leases are invalid, complete relief cannot be accorded among those already parties—Hugoton, Plains and Sunrise—as any determination of title would not be binding upon the absent parties. The defendants further contend that a judgment in the absence of the landowners and leaseholders could, nevertheless, cloud their interests without giving them the opportunity to assert their rights in court, and could lead to additional litigation to protect their rights. As a consequence, argue the defendants, "a ruling on the merits of this action in the absence of these owners of other interests could subject both Hugoton and Plains to 'a substantial

**322**

risk of incurring ... inconsistent obligations.'" A joinder of the landowners and leaseholders, however, is not feasible because, as both the plaintiff and defendants concede, the joinder would destroy diversity of citizenship, and thus deprive the court of subject-matter jurisdiction. The defendants go on to argue that, under the factors listed in Rule 19(b), the absent parties are indispensable parties, and that the court should, therefore, dismiss the action.

■ The plaintiff attempts to characterize this action as a controversy affecting only the joined parties because all the old leases have been perpetuated by the tender and acceptance of shut-in royalty payments, and consequently, the interests of the absent landowners[1] will not be impaired or impeded by this action. The court finds that the plaintiff's argument merely begs the question. The central issue in this lawsuit is whether the new leases secured by the defendants supplant the old leases held by the plaintiff due to the expiration of the old leases by their own terms. If the old leases have expired, the absent parties are entitled to benefit from the new leases; otherwise, the old leases would continue to burden the lands in question. This is an issue that impacts upon the rights of the absent landowners and leaseholders. Thus, they have a vital stake in the outcome of this action. Any judgment rendered in this action, which is nonbinding on the absent parties, might well cause the already parties to incur multiple or inconsistent obligations, as contemplated by Rule 19(a). At the very least, then, the absent lessors and leaseholders are necessary parties to this action.

■ Having determined that the absent parties are necessary parties whose joinder is not feasible because it deprives the court of subject-matter jurisdiction, the court must determine whether the absent parties are indispensable to this action. As previously mentioned, Rule 19(b) lists the factors that go towards assessing the indispensability of absent parties. First, this action poses potential prejudice to the ab-

sent parties and the already parties. If the new leases are adjudged invalid, the interests of the landowners and leaseholders would undeniably be affected even though they are not bound by the court's judgment. *See Schutten v. Shell Oil Co.,* 421 F.2d 869, 874 (5th Cir.1970). Second, the court sees no way of lessening or avoiding the prejudice by shaping appropriate relief. Nor is the plaintiff able to instruct the court of any appropriate relief that would diminish or avoid the prejudice. Third, the court finds that any judgment rendered in this action would not be adequate. Such a judgment would be incomplete and unfair as it exposes the already parties to multiple and inconsistent obligations. *See Arizona Lead Mines v. Sullivan Mining Co.,* 3 F.R.D. 135, 137 (N.D.Idaho 1943) ("all persons materially interested, either legally or beneficially, in the subject-matter of the suit, are to be made parties to it ... so that there may be a complete decree"). Fourth, the court determines that the plaintiff has an adequate remedy if this action is dismissed for nonjoinder. The plaintiff has already filed in state court several actions involving the same leases, joining all the necessary landowners and leaseholders. The state courts are competent and empowered to adjudicate the issue of whether the old leases have expired.

As a general rule, in actions to quiet title, all persons claiming an interest in the subject property are considered indispensable. 7 Charles A. Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1621 (1986) ("whenever a party seeks to quiet title to a piece of land, he must join all known persons who are claiming title in order to settle the property's ownership without additional litigation"); 3a J. Moore, *Moore's Federal Practice* ¶ 19.09[1] (1989) (in quiet title suits, "all persons interested in the title who will be directly affected by the decree are indispensable parties"). *See Atlantis Dev. Corp. v. United States,* 379 F.2d 818 (5th Cir.1967) (in suit by government to assert its exclusive dominion and control over certain islands, the nonjoined

---

1. The court notes that the plaintiff argues only that the landowner-lessors are not indispensable parties, and fails to address the indispensability of the leaseholders.

party who also claimed ownership of the islands was deemed indispensable, and allowed to intervene as of right); *Arizona Lead Mines*, 3 F.R.D. at 137 ("In a suit to quiet title ... anyone claiming to hold any interest in the property [in question] may be required to come in and set up the nature of his interest and its source.").

The courts are also generally agreed that royalty holders are indispensable parties to actions that challenge the validity of the leases under which they assert their rights. *See Schutten*, 421 F.2d at 874–75; *Hilton v. Atlantic Ref. Co.*, 327 F.2d 217, 219 (5th Cir.1964) ("If, as a result of a decision in plaintiffs' favor, the lease would terminate, the non-participating holders would be denied their present right to royalties under the lease. Such an effect constitutes them indispensable."); *Tardan v. California Oil Co.*, 323 F.2d 717, 723 (5th Cir.1963) ("The royalty claimants are indispensable to any action which involves title to lands or any interest therein"); *Lawrence v. Sun Oil Co.*, 166 F.2d 466 (5th Cir.1948) (under Rule 19, a court cannot adjudicate rights under conflicting oil leases of the same property executed by different lessors, and each providing for the payment of royalty, in a suit by the lessee to which the lessors are not parties).

The plaintiff's reliance on *Amerada Petroleum Corp. v. Rio Oil Co.*, 225 F.Supp. 907 (D.Wyo.1964), is misplaced. *Amerada* involves two conflicting leases, created under two distinct chains of title. Plaintiff Amerada, as lessee under one lease, brought a quiet title action against the lessors and lessees of the other lease. Amerada's lessor, however, was not joined as a party plaintiff in the action. The court held that Amerada's lessor was not an indispensable party, reasoning that "Amerada is not seeking to enforce rights or obligations held by its lessor." *Id.* at 910. As the *Amerada* court observed, "[a]ll claimants adverse to the plaintiff are in court." *Id.* The holding in *Amerada*, therefore, is limited to situations in which a lessee and its non-party lessor share a unity of interest. The *Amerada* court acknowledges that

the lessor is an indispensable party where the lessee is the defendant and a decree would necessarily affect the rights of the defendant's lessor; where a fund is in issue or rental or royalty payments would be affected; [or] where cancellation of deeds or other instruments is prayed for....

*Id.* Finding no such issue present in the case, the *Amerada* court concluded that the plaintiff's lessor was not an indispensable party. The court also determined that the relief prayed for by Amerada could be granted or denied without affecting the interests of its lessor. *Cf. Texas Co. v. Wall*, 107 F.2d 45, 50 (7th Cir.1939) ("the plaintiff's complaint does not ask for any relief for or against his lessor and the decree ... is carefully limited in its legal effect to the parties before the court.").

In contrast, plaintiff Hugoton and its lessors are not united in interests. Many of those lessors are challenging the validity of Hugoton's old leases, which Hugoton maintains are still effective due to its alleged payment of "shut-in" royalties. Further, unlike the situation in *Amerada*, this controversy affects the payment of royalties. Hugoton's lessors, who executed the new leases now held by defendant Plains, stand to benefit from the royalty payments generated under the new leases. As such, any relief fashioned by this court would necessarily affect the interests of the non-joined parties.

The court concludes that the absent lessors and leaseholders are indispensable parties to this action. This action must, therefore, be dismissed without prejudice. The defendant's motion to dismiss (Doc. 4) is granted.

IT IS BY THE COURT THEREFORE ORDERED that Defendants' motion to dismiss (Doc. 4) is hereby granted.