CROSS TIMBERS OIL COMPANY,
Plaintiff,

v.

ROSEL ENERGY, INC., and George F. Rosel, and Steven D. Rosel, as Co–Executors of the Estate of George D. Rosel, Defendants.

No. 95–2436.

United States District Court,
D. Kansas.

May 15, 1996.

Justin J. Johl, Brett D. Leopold, Shook, Hardy & Bacon, Overland Park, KS, Jonathan T. Suder, Michael T. Cooke, Friedman, Young & Suder, Fort Worth, TX, for plaintiff.

Roger D. Stanton, Stinson, Mag & Fizzell, P.C., Overland Park, KS, Gene H. Sharp, Sharp, McQueen, McKinley, Dreiling & Morain, Liberal, KS, Margaret Gallagher Hague, Paul D. Cowing, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, for Rosel Energy, Inc.

Gene H. Sharp, Sharp, McQueen, McKinley, Dreiling & Morain, Liberal, KS, Margaret Gallagher Hague, Paul D. Cowing, Sinclair, Sawyer, Thompson, Haynes & Cowing, P.C., Kansas City, MO, Mark A. Corder, Olathe, KS, for George F. Rosel, Steven D. Rosel.

## MEMORANDUM AND ORDER

EARL. E. O'CONNOR, District Judge.

This matter is before the court on defendants' motions to dismiss (Doc. # 19), for determination of place of trial (Doc. # 44), and for partial summary judgment (Docs. # 60 and # 77), and plaintiff's motion for leave to file an amended complaint (Doc. # 70). The court has reviewed the parties' briefs and is now prepared to rule. For the reasons set forth below, defendant Rosel Energy, Inc.'s motion to dismiss will be granted and all other motions will be denied as moot.

This action centers on a dispute about the production rights acquired through oil and gas leases on portions of the Hugoton Field, located in Seward County, Kansas. Plaintiff Cross Timbers Oil Company ("Cross Timbers") claims that by assignment dated August 1, 1995 (but effective January 1, 1995), it acquired exclusive rights to gas located in the Chase zone by assignment from Santa Fe Minerals ("Santa Fe"). Defendant Rosel Energy, Inc., ("Rosel") has rights to produce gas from the Council Grove zone, some one to two hundred feet below the Chase zone, and all production rights at levels below sea level. The late George D. Rosel was president and principal of and operated Rosel Energy from its incorporation in 1981 until his death in 1995.

In its First Amended Complaint, plaintiff alleges that Rosel intentionally perforated its wells at the level of the Chase zone for the purpose of illegally extracting gas from that zone. After a hearing and presentation of an affidavit to that effect, Cross Timbers obtained an order on October 2, 1995, permitting it to conduct video tests on each of the subject Rosel wells to determine whether they were illegally perforated. Cross Timbers claims that the tests conclusively establish that the Rosel wells are perforated at the Chase zone and that Rosel is illegally producing Chase gas.

In their answers, defendants deny that the Council Grove zone underlies the Chase zone in all areas, and state that in some areas this is not the case. Further, defendants claim that plaintiff's predecessor-in-interest, Santa Fe, authorized, acquiesced in, or licensed any

perforations or stimulations of the Rosel Energy wells at the Chase zone. Alternatively, defendants allege that Santa Fe abandoned, surrendered, or forfeited its interests in the gas in question. Defendants also raise the following defenses: statute of limitations, waiver and laches, unclean hands or equitable estoppel, accord and satisfaction, lack of jurisdictional amount, failure to join indispensable parties, lack of standing, real party in interest, and failure to state a claim upon which relief can be granted. Finally, defendants assert that punitive damage claims and tort claims are not assignable in Kansas.

■ In the instant motion, defendants move to dismiss for failure to join the joint interest owners in the subject wells as parties. Defendants assert that Rosel is the operator of a joint venture which owns the eight oil and gas wells involved in the instant suit. They claim that Rosel's ownership interest in each of the subject wells varies and that, on average, Rosel's ownership interest is less than fifty percent. Defendants seek dismissal because, they claim that, the absent joint venturers are necessary and indispensable parties under Federal Rule of Civil Procedure 19. Specifically, defendants maintain that the interests of the absent joint venturers in the wells operated by Rosel are at risk because the adjudication of plaintiff's claim for injunctive relief necessarily requires a determination of ownership rights to the gas at issue.

Cross Timbers counters that the joint interest owners are neither necessary nor indispensable because they do not have a legally enforceable interest at stake in the instant suit. Cross Timbers asserts that because it seeks only to enjoin *illegal* production of gas from the Chase zone by Rosel, no legally enforceable interest of any joint venturer is implicated. Cross Timbers offers to stipulate or amend its complaint to state that it is expressly not seeking to enjoin production by Rosel of any gas below sea level, but seeks only to enjoin production of gas from the Chase zone, above sea level.

■ Joinder of "necessary" and "indispensable" parties is governed by Federal Rule of Civil Procedure 19. *Wright v. First Nat'l Bk.*, 483 F.2d 73, 75 (10th Cir.1973).

The purpose of Rule 19 is "to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir.1990). To those ends, Rule 19(a) provides for joinder of necessary parties, whose addition to the suit will not deprive the court of subject matter jurisdiction. *Id.* A party is considered necessary if:

(1) in [the party's] absence, complete relief cannot be accorded among those already parties; or (2) the party claims an interest relating to the subject of the action and is so situated that the disposition of the action may (i) as a practical matter impair or impede [the party's] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Fed.R.Civ.P. 19(a); *see, e.g., Hugoton Energy Corp. v. Plains Resources, Inc.*, 141 F.R.D. 320, 321–23 (D.Kan.1991).

■ If joinder of a necessary party will deprive the court of subject matter jurisdiction over the action, the court must determine whether "in equity and good conscience," the action should proceed without joinder of the necessary party, *i.e.*, whether the party is indispensable. Fed.R.Civ.P. 19(b). In deciding whether dismissal for nonjoinder is required, we must conduct a practical and pragmatic, but equitable, analysis of the Rule 19(b) factors, weighing the interest of the plaintiff in its choice of forum against the interests of the defendant and/or the absent parties in protecting their rights. *Francis Oil & Gas, Inc. v. Exxon Corp.*, 661 F.2d 873, 878–79 (10th Cir.1981).

■ To assess indispensability, we look to the following factors: (1) the extent to which a judgment rendered in the party's absence might be prejudicial to the absent party or those already parties; (2) the extent to which the court can fashion the judgment in a manner to reduce or eliminate the potential prejudice; (3) whether a judgment rendered in the parties' absence would be adequate; and (4) whether an adequate remedy is avail-

able if the present action is dismissed for nonjoinder. *Id.*

Cross Timbers argues that because it will stipulate that it is not seeking to enjoin Rosel's legal production of gas below sea level, the absent joint venturers are not prejudiced by their absence in the instant suit. Cross Timbers' attempt to characterize this action as a controversy affecting only Rosel because Cross Timbers seeks only to enjoin future *illegal* production from the Chase zone, merely begs the question. Indeed, the central issue with respect to plaintiff's claim for injunctive relief is whether Rosel and the joint interest owners in the wells have a legal right to extract the gas at issue. From the defendants' answer,[1] it is apparent that there are numerous issues to be resolved regarding rights to future production from the Chase zone. Thus, the rights of the joint venturers to future royalties related to such production are directly implicated. We, therefore, find that the absent joint venturers are necessary parties.

Because joinder of the absent joint venturers will destroy complete diversity, which is the sole basis for the court's jurisdiction, we must determine whether in "equity and good conscience" the case can proceed in their absence. Looking to the first factor of Rule 19(b), the court finds that a judgment rendered in the absence of the joint venturers may well prove prejudicial to their interests. From the record, it appears that Rosel's ownership interest in various wells does not equate with that of the absent joint venturers. Indeed, Rosel owns significantly smaller interests in some wells than those held by the absent joint venturers. Thus, contrary to Cross Timber's urging, we are not assured that in the absence of the joint venturers, Rosel can or will adequately protect their interests.

In addition, although the absent joint venturers would be free to challenge an injunctive order adverse to their interests because they would not be bound by such an order under the principles of res judicata or collateral estoppel, there is still significant poten-

tial that proceeding in this case in their absence will prejudice their interests. If Rosel, as operator of the wells, is enjoined from future production, the rights of the absent joint venturers to royalties from operation of the wells will be cut off. The wells will be shut down, at least temporarily, while they endeavor to establish their rights in a separate suit.

Generally, when multiple parties claim ownership interests in the same property, and particularly where oil leases are involved, all potential claimants must be joined to provide complete relief and protect the interests of the absent parties. *See, e.g., Hugoton Energy,* 141 F.R.D. at 322–23; *Vasser v. Shilling,* 93 F.R.D. 146 (M.D.La.1982); *Hilton v. Atlantic Refining Co.,* 327 F.2d 217, 218–19 (5th Cir.1964); *Tardan v. California Oil Co.,* 323 F.2d 717, 721–23 (5th Cir.1963) (the court drew a distinction between an action for a money judgment related to wrongful removal of oil, gas or other minerals in the past (wherein the absent royalty claimants were dispensable) and an action involving title to lands or any interest therein (wherein the absent royalty claimants were indispensable)). Thus, the first Rule 19(b) factor weighs heavily in favor of dismissal.

Second, in light of plaintiff's claim for injunctive relief, we see no way to fashion an order enjoining future production so as to protect the interests of the absent joint venturers.

Third, although plaintiff argues that it can obtain all the relief it seeks from the defendants presently named, resolution of plaintiff's claim for the injunctive relief leaves the court unable to fully adjudicate all competing interests in the gas at issue, without joinder of the absent joint venturers. Indeed, considerations of judicial economy and a concern over possible inconsistent results, due to the possibility of subsequent suits by the absent joint interest holders to establish their rights, weigh in favor of dismissal. *Compare Pasco Int'l Ltd., v. Stenograph Corp.,* 637

---

1. We decide whether an absent party's interest in the litigation is sufficient to render it a necessary party under Rule 19(a) based on the pleadings as they appear at the time of the motion. *Associated Dry Goods Corp. v. Towers Financial Corp.,* 920 F.2d 1121, 1124 (2nd Cir.1990).

F.2d 496, 505 (7th Cir.1980) (where the potential subsequent suit would be by the plaintiff against the absent party, the availability of collateral estoppel would reduce the potential for such a suit).

█ Finally, plaintiff has an adequate remedy in the Kansas state courts. We acknowledge that the availability of an alternative remedy, alone, is not a sufficient reason for dismissal under Rule 19. *Pasco,* 637 F.2d at 501 (while the absence of an alternative forum weighs heavily, the existence of another forum has a less significant impact in favor of dismissal). However, this factor, coupled with the potential prejudice to the absent joint interest owners, mandates dismissal.

Citing *Associated Dry Goods Corp. v. Towers Financial Corp.,* 920 F.2d 1121, 1124 (2nd Cir.1990), plaintiff argues that dismissal is not warranted because the absent parties can be added to the suit, without destroying jurisdiction—either Rosel can implead them or they can intervene. *See also Pasco,* 637 F.2d at 502–04 (adding a non-diverse party via impleader and intervention will not destroy diversity); *Boone v. General Motors Acceptance Corp.,* 682 F.2d 552, 553 (5th Cir.1982) (availability of impleader weighed against dismissal). However, unlike the court in *Associated Dry Goods,* we are not concerned about prejudice to a party already in the suit, but rather, a party presently outside the suit. Thus, Rosel does not have the same obligation to remedy the potential prejudice by impleading the absent party as did the defendant in *Associated Dry Goods.* Moreover, it is difficult to conceptualize the basis for a cognizable third party claim by Rosel against the joint venturers, with respect to the ownership issue which is central to plaintiff's claim for injunctive relief.

Similarly, the absent joint venturers' right to intervene does not weigh against dismissal. As the court in *Navajo Tribe of Indians v. New Mexico,* 809 F.2d 1455, 1472 n. 25 (10th Cir.1987), recognized,

"To argue ... that [a party] can protect its interest through voluntary intervention would render Rule 19(b) almost completely nugatory. A party satisfying Rule 19(a)(2)(i), and yet not joined, thus requir-

ing a Rule 19(b) analysis, would always satisfy the prerequisites for intervention as of right under Fed.R.Civ.P. 24(a), which in part allows intervention

when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Under [this] argument, a court could *never* find a Rule 19(a)(2)(i) party indispensable under Rule 19(b), because such a party could always protect his interest by intervening. The purpose of Rule 19, however, is not to exhort an interested person to exercise its Rule 24 rights. We decline to adopt an interpretation of Rules 19(a)(2)(i) and 19(b) that completely emasculates them of any meaning.

For all these reasons, we conclude that the instant suit should be dismissed for failure to join the absent joint venturers as indispensable parties.

IT IS THEREFORE ORDERED that defendant Rosel Energy's motion to dismiss (Doc. # 19) is granted.

IT IS FURTHER ORDERED that defendant Rosel Energy's motion for determination of place of trial (Doc. # 44) is denied as moot.

IT IS FURTHER ORDERED that defendants' motions for partial summary judgment (Docs. # 60 and # 77) are denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file an amended complaint (Doc. # 70) is denied as moot.